## *1* Harvey *against* Hackley.

To entitle a defendant to recover costs from a plaintiff upon a plea of tender, he must not only have tendered the amount due to the plaintiff, but must have obtained a rule to enable him to bring the money into court.

ERROR to the common pleas of *Luzerne* county.

Benjamin Harvey against Hackley and Knapp. Appeal from the judgment of a justice of the peace by the defendant. The declaration filed, was for money had and received; defendants pleaded *non assumpserunt*, payment with leave, &c., and set-off; to which they subsequently added the plea of "tender," by leave of the court. Issues joined on all the pleas. The jury found "for the defendants; the plaintiff to receive the sum of 26 dollars 60 cents, tendered before suit brought and now in court." The plaintiff, after verdict, having taken the money tendered out of court, the court directed judgment to be entered for the defendants with costs.

Errors assigned.

1. The court should have rendered a judgment for the plaintiff, for the amount tendered without costs.

2. The court erred in rendering a judgment for the defendants for costs.

*Conyngham*, for plaintiff in error, cited *the Act of* 1705; *Purd.*

[Harvey v. Hackley.]

*Dig.* 210; *Tidd's Prac.* 567; 10 *Serg. & Rawle* 17; 3 *Cranch* 280; 4 *Binn.* 5; 1 *Penns. Rep.* 461.

*Greenough,* for defendants in error, cited *Tidd's Prac.* 1007, (8 *ed.*); 1 *Cranch.* 321; 12 *Johns.* 274.

The opinion of the Court was delivered by

SERGEANT, J.—Had the defendant, under the plea of tender, paid the money into court, and also the costs up to that time, on the common rule, the plaintiff, by determining to proceed for more, would, on a verdict finding no more due, have been liable to the costs from the time of such payment into court. This has long been the established practice of the English courts, and has been adopted in our own. 2 *Dall.* 190. But in the present case no application appears to have been made by the defendant, to bring the sum tendered into court, nor any rule of court obtained, and he, therefore, cannot claim the benefit of this practice. The case must turn upon the act of assembly of 1705, sect. 2, which enacts, that in all cases where a tender shall be made, and full payment offered, by discount or otherwise, in such specie as the party by contract or agreement ought to do, and the party to whom such tender shall be made, doth refuse the same, and yet afterwards will sue for the debt or goods so tendered, the plaintiff shall not recover any costs in such suit. It seems, by the verdict in this case, that the money was in court, but when paid in does not appear; nor that the costs to that time were paid; nor indeed would even this be material, if not done regularly by rule of court. The plaintiff, in such case, is still compelled to go on, and obtain a verdict for the sum really due and his costs, because a payment into court, irregularly made, cannot be recognized. The judgment, therefore, should have been entered for the defendant without costs.

Judgment for the defendant for costs reversed, and judgment for the defendant without costs.