FOR THE

## COUNTY OF WINDSOR,

JULY ADJOURNED TERM, 1843.

---

PRESENT.

Hon. STEPHEN ROYCE,
Hon. MILO L. BENNETT, } Assistant Judges.
Hon. WILLIAM HEBARD,

---

## THOMAS GRIFFIN v. ISAAC TYSON, JR.

If G. and T. enter into an agreement, by which G. is to labor for T. and be boarded by him in a particular way, or at a certain place, G. has no right to procure his board in a different way, or at a place not designated betwen them, and charge T. therefor, without showing some failure in performance on the part of T.

When a person indebted to another makes a tender of the sum due, which is refused, and an action is afterwards commenced before a justice of the peace, the party making the tender must plead it specially at the trial before the justice, if he intend to rely upon it;—it is not sufficient that he *offer* to produce the money before the justice, but neglect to do so, in consequence of the other party's saying to him that that was not what he wanted, that he wanted more, and that it was of no consequence,

BOOK ACCOUNT. The action was commenced before a justice of the peace, and came to the county court by appeal: an auditor was appointed, who reported as follows.

The plaintiff presented an account against the defendant for one month's labor, charged at $10,00, and for his board during the month, charged at $6,45. It appeared that the labor was performed by the plaintiff in pursuance of a contract between the parties, and that, by the contract, the defendant was to board the plaintiff while he was at work, and that the defendant told him that he might board at the defendant's boarding house, with one Fitzgerald, or with the plaintiff's mother. The plaintiff bought provision of the defendant, and procured his mother to cook his board during the time he performed said labor. It appeared that the plaintiff's mother was indebted to the defendant to the amount of $6,00 or $7,00, at the time the plaintiff agreed to labor for him.

The plaintiff had an account against the defendant, which was not disputed, of $1,93 ; and it was proved, that, sometime before the commencement of this suit, the defendant tendered to the plaintiff the sum of $8,22,—which was more than the balance then due to the plaintiff for the one month's labor, with the interest which had then accrued. It was farther proved that the defendant carried the tender to the justice's court, told the court the amount of the tender, and offered to produce it, but did not produce it, in consequence of being told by the plaintiff's counsel, in relation to the tender, "that it was not what he wanted,—he wanted more,—it was of no consequence." It was conceded that the amount of the tender was brought into the county court the eighteenth day of the term at which the appeal was entered.

The county court disallowed the plaintiff's claim for board, and adjudged the tender sufficient, and rendered judgment for the defendant. Exceptions by plaintiff.

*S. Fullam* for plaintiff.

I. We insist that the plaintiff can recover for the board charged;

1. Because the defendant was benefited to the amount of $6,45 by the plaintiff's boarding himself, and the plaintiff can recover for it in no other way.

2. The defendant is bound to know, if he is receiving the daily benefit of the plaintiff's expenditure.

3. The defendant never contracted with the plaintiff's mother to board the plaintiff, but merely told him that he might board there; and the plaintiff adopted the only feasible way of doing so.

II. If we are wrong in this, we still insist that we are entitled to a judgment, notwithstanding the tender;

1. Because the defendant did not bring the tender into the justice's court, nor prove that any such tender had been made. Chit. on Cont. 308. *Pratt* v. *Gallup*, 7 Vt. 344. *Chipman* v. *Bates*, 5 Vt. 143.

2. It does not appear that the tender was made at the time, nor after, the debt was due. *Kingman* v. *Pierce*, 17 Mass. 247. *Jouett* v. *Wagnow*, 2 Bibb 269.

3. What was said by the plaintiff's attorney at the trial before the justice might have excused the defendant from producing the money, had it taken place at the time the tender was made, but cannot excuse him from bringing the money into court, and leaving it in the custody of the court, that the plaintiff may receive it at any time before the copies for the appeal are taken out.

4. The money tendered should be taken with the copies and lodged with the clerk of the county court the first day of the term, that the plaintiff may at any time take it if he wish.

*R. Washburn* for defendant.

1. The defendant insists that the contract between the parties, as shown by the case, gave the plaintiff no right to board himself and charge the defendant for it. By the contract the defendant was to board the plaintiff, and he told him that he might board at the defendant's boarding house, or with the plaintiff's mother, who was then indebted to the defendant to the amount of the board.

2. The defendant insists that the tender, as shown by the case, was good and sufficient. *Douglass* v. *Patrick*, 3 T. R. 683. *Thomas* v. *Evans*, 10 East 101. 2 Wash. C. C. Rep. 15, [3 Pet. Dig. 626.] *Blight's Ex'rx.* v. *Ashley*, Peter's C. C. Rep. 15, [3 Pet. Dig. 626.] 6 Bac. Abr. 464. Esp. on Ev. 112.

3. The defendant insists that the tender was brought into the

Griffin *v.* Tyson.

county court in sufficient season. *Birks* v. *Trippet*, 1 Saund. R. 32, n. 2. *Kilwick* v. *Maidman*, 1 Burr. 59. *Noone* v. *Smith*, 1 H. Bl. 369. *Pratt* v. *Gallup*, 7 Vt. 348.

The opinion of the court was delivered by

HEBARD, J. But two questions have been made. The first is whether the plaintiff ought to be allowed his charge of $6,45 for boarding himself while at work for the defendant. It appears, from the report of the auditor, that the defendant was to board the plaintiff, while working for him, and that he designated several different places where he might board, and, among others, told him that he might board with the mother of the plaintiff, at whose house it appears he did board, but not in the family of his mother; but the plaintiff furnished his own provisions, and his mother cooked them for him.

The plaintiff could not, in violation of the contract with the defendant, that he should be boarded in a particular way, or at a certain place, procure his board in a different way, or at another place, not designated, at the defendant's expense, without showing some failure on the part of the defendant. It does not appear that the defendant knew that the plaintiff was furnishing his own board, nor that the defendant had neglected to furnish board in the manner agreed upon. We therefore think that the court did right in rejecting that item in the plaintiff's account.

The auditor finds due to the plaintiff, after disallowing the aforesaid item, the sum of $8,07, and reports that the defendant, before the commencement of this suit, tendered to the plaintiff, a sum sufficient to cover this balance, and the interest. The remaining question is, did the defendant, after being sued, keep his tender good, so that he can rely upon it in defence of this action. There has been a good deal of speculation on the subject of tender. Not only what constitutes a good legal tender, in all its *niceties* and *particularities*, but also what will excuse the party making the tender from the observance of all those *legal requisites*. But where the tender has once been made in a manner satisfactory to the law, and refused, it then becomes the duty of the party making the tender to keep it good, so that the party to whom it is made can have it, if he

signifies a willingness to receive it; and if a suit is commenced, the defendant must plead the tender in bar of a recovery, if he intends to rely upon it, and if he do not thus plead it, but proceed to trial upon the plaintiff's cause of action, it will be regarded as a waiver of the tender.

The auditor has reported that " the defendant brought the *tender* " to the Justice Court, and told the court the amount of the tender, " and offered to produce it, but did not, in consequence of being " told by the plaintiff's counsel, in relation to the tender, that it " was not what he wanted,—he wanted more,—it was of no conse- " quence." This is relied upon as an excuse for not pleading the tender,—but, as I think, without reason. It was a mere repetition of the plaintiff's refusal to accept' the tender. Nothing is said by the defendant about pleading it; and nothing is said by the plaintiff to excuse him for not pleading it.

The auditor farther reports, " that, if the tender was legally pleaded," he finds &c. We might with more propriety inquire whether. it was pleaded at all. The auditor has reported no fact in relation to it. The authorities, when carefully examined, will all appear to be harmonious on the subject, that the tender, if the defendant would rely upon it, must be pleaded. There is a single *dictum* in Espinasse's Nisi Prius, that the defendant need not produce the money in court, if the plaintiff " refuse to receive it." But this is said under that division of the subject which relates to the pleading the tender ;—and the very text, from which this is extracted, lays down the doctrine, that, if, the defendant would derive any advantage from his tender, he must plead it.

The case of *Douglass* v. *Patrick*, 3 T. R. 683, is relied upon by the defendant. But the question in that case was not as to the necessity of *pleading* the tender,—but it was whether a legal tender had been made. The tender was pleaded, although made informally; and the court, in that case, thought that the defendant was excused by the plaintiff from observing all the requisitions of the law in making a tender.

Taking the report of the auditor for a guide on this subject, we come to the conclusion that the tender was not pleaded at the justice's court. He not only does not find the fact that the tender was

pleaded, but he does find other facts from which it would be reasonable to infer that the fact does not exist.    This tender, then, from any thing that appears, was well made;—still, in the subsequent proceedings, it was not so relied upon, that the defendant can take any benefit from its having been made; and to hold differently would be an inexcusable departure from the *salutary* and *well established* rules of pleading.

The judgment of the County Court is reversed, and judgment is rendered upon the report for the plaintiff to recover the sum of $8.07.