## WILLIAM O'RILEY

### *v.*

## NANCY SUVER.

TENDER—*must be kept good.* Where the son of the defendant sold her claim for money, and received the proceeds, which he took to her, and she caused the same to be tendered back to the purchaser, and collected the claim herself, and the person tendering afterwards paid her back the money, and she was sued by the purchaser for the amount of the claim, and judgment rendered in her favor: *Held,* that the judgment was erroneous, for the reason that she did not keep her tender good by bringing the money into court.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. STEWART, PHELPS & STEWART, for the appellant.

Mr. JOHN J. GLENN, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This suit was brought by O'Riley, the appellant, to recover the proceeds of the sale of a bull that had been shipped to Chicago by one John Shelton, for the appellee, Nancy Suver. On Monday of a certain week, the appellee sent her son, Leonidas Suver, to the village of Cameron, with a bull, with instructions to sell it to Shelton for $50, or have the latter ship it to Chicago to be sold. Shelton not buying the bull, he shipped it to Chicago on that day. He returned on Wednesday, and that evening Leonidas Suver went in to Cameron to ascertain the result, but not seeing Shelton, he made a sale of the proceeds of the animal to the appellant for $51, and, on returning home that evening, handed the money to his mother, informing her what he had done. She kept the money until the following Saturday morning, when she took the money to Cameron, and left it with one Snell, with instructions to deliver it to O'Riley. That evening O'Riley was in the store of Snell, when the latter informed O'Riley of what Mrs. Suver had done, and offered to get the money for him, but appellant refused to receive it. Snell kept the money until the day of the trial before the justice of the peace, when he handed it back to Mrs. Suver. Shelton having paid over the proceeds of the sale, which were $70, to Mrs. Suver, O'Riley brought this action to recover the same, the suit being originally commenced before a justice of the peace. On appeal to the circuit court, the judgment recovered by O'Riley before the justice was reversed, and a judgment rendered against him, from which he brings this appeal.

There was testimony in the case that Leonidas Suver had, to some extent, been in the habit of transacting similar business for his mother, and the evidence tended strongly to show a ratification by Mrs. Suver of the sale in question.

But, without considering the testimony in that regard, we think there is one point on which the judgment must be reversed, and that is, that the $51 paid by O'Riley, and re-

ceived by Mrs. Suver, for the proceeds of the sale of the bull, were not brought into court for O'Riley.

Mrs. Suver has now both the proceeds of the sale and the money of O'Riley, $51, paid for the same. This is wrong. The appellee is not entitled to both. To entitle herself to retain the proceeds of the sale, in case she had never authorized or ratified the sale, she should have returned to O'Riley the $51. The tender of it alone was not sufficient. The tender should have been kept good by bringing the money into court. *Wood* v. *The Merchants' Saving, Loan and Trust Co.* 41 Ill. 267.

It is objected to this, that the question whether the money was paid into court, was one to be determined on inspection by the court, and that the bill of exceptions fails to show that the court, upon inspection, found the money tendered was not in court; but this was a proceeding commenced before a justice of the peace, where there is no formal pleading.

The appellee should have returned the money. The evidence fails to show that. It only shows that she once offered to return it, and that the appellant refused it, and that she still has it in her own hands, as it was there when it was last seen.

The judgment must be reversed, and the cause remanded for further proceedings.

*Judgment reversed.*