McDaniel v. Upton.

JOHN W. McDANIEL

v.

NATHANIEL S. UPTON.

*Tender—What Necessary to Sustain Plea of—Costs—Courts.*

1.  Where a debtor tenders what he conceives to be the entire amount of his indebtedness, he thereby admits that the sum so tendered is due the claimant, and if he intends to rely on such acts as a defense, it is his duty to have the money at all times where the claimant can take it. After the commencement of suit the place of payment is transferred to the forum where the litigation is pending. The principle is the same in justice courts as in courts of record.

2.  When a tender is made after suit commenced, the amount tendered must be accompanied by the amount of costs accrued up to the time of tender.

[Opinion filed May 20, 1892.]

APPEAL from the Circuit Court of Stephenson County; the Hon. JAMES SHAW, Judge, presiding.

Mr. J. A. CRAIN, for appellant.

Mr. M. STOSKOPF, for appellee.

MR. JUSTICE HARKER.    Appellant claimed of appellee $200 for services as veterinarian.    Appellee tendered him $20, which was refused.    Appellant then began suit before a justice of the peace for $200.    On the day of trial, February 14, 1891, both parties appeared and appellee moved for a continuance.    The motion was overruled, whereupon appellee withdrew from the court room and a trial was had in his absence resulting in a judgment against him for $200. From such judgment he appealed to the Circuit Court.    The appeal was perfected on the 5th of March, 1891, and the cause stood for trial at the March term, which began eleven days afterward.    It was not tried at that term, but con-

tinued upon the motion of appellee. The next term began the 7th of September, 1891. On the 15th day of that month, after court had been in session one week, appellee deposited with the clerk of the court $20 and notified him in writing that he left it "as a tender, subject to the order of the plaintiff." A trial was had on that day resulting in a verdict finding the plaintiff's damages to be $18.99, but the issue of tender was in favor of the defendant. The court, after overruling motions for a new trial and in arrest, rendered judgment against the plaintiff (appellant) for costs. From that judgment appellant prosecutes this appeal.

To the success of appellant's plea of tender it was not sufficient to show that he tendered $20 before being sued and brought the money into the Circuit Court after appeal from a judgment rendered against him by the court in which the suit was commenced. If he intended to rely upon the tender first made, he should, when sued before the justice, have brought the money into that court.

When a party against whom a claim of indebtedness is made, tenders what he conceives to be the entire amount of his indebtedness, he thereby admits that the sum of money so tendered belongs to the claimant, and if he intends to rely upon such act as a defense, it is his duty to have the money at all times where the claimant can take it in the event of his decision to abandon all his claim, except to the extent of the amount tendered. After the commencement of suit, the place of payment is transferred to the forum where the litigation is pending. Knox v. Light, 12 Ill. 86; Webster v. Pierce, 35 Ill. 158; O'Riley v. Suver, 70 Ill. 85; Aulger v. Clay, 109 Ill. 487; Shiredine v. Gaul, 2 Dall. 190; De Wolf v. Long, 2 Gilm. 681; Hayden v. Anderson, 17 Iowa, 158. The rule is just as imperative in suits commenced before a justice of the peace, where the plea of tender is oral, as in suits commenced in the Circuit Court, where the defendant relying upon a tender must formally plead it. Griffin v. Tysen, 17 Vt. 35; Brichett v. Wallace, 98 Mass. 528; Seibert v. Kline, 1 Penn. Stat. 38; Harvey v. Huckley, 6 Watts, 264.

The tender made on the 15th of September, 1891, as appellee was pleased to call it, when he deposited it with the clerk, was not good, because it was not accompanied with an amount sufficient to pay all costs to date, as required by Sec. 51, Ch. 79, Rev. Stat. It would be preposterous to hold that a defendant, who before suit made a tender, but when sued before a justice of the peace made no such defense, and who, after being defeated in that court appealed to the Circuit Court, and seeing that judgment for the amount which he had tendered would be rendered against him, could cast the plaintiff into the entire costs of both courts by simply bringing the money in the Circuit Court and making proof of the original tender. It matters not that appellee offered no evidence before the justice. He appeared at the trial and moved to continue the cause. If he intended to rely upon such a defense he should have made it there and brought the money in, instead of waiting until appellant had incurred the expense of that trial and of one term of the Circuit Court. The judgment of the Circuit Court must be reversed, and judgment is rendered against appellee in favor of appellant for the amount of $18.99 amount of damages found by the jury, and all costs of suit, and costs of this court.

*Judgment reversed.*