### James E. Brooks v. John S. Lawyer.

1. TENDER—*Must Be Kept Good.*—A tender must be kept good in order to be available at a trial.

Replevin.—Appeal from the County Court of De Kalb County; the Hon. C. A. Bishop, Judge, presiding. Heard in this court at the May term, 1895. Reversed and judgment entered in this court. Opinion filed December 10, 1895.

Jones & Rogers, attorneys for appellant.

Stephens & Earley, attorneys for appellee.

Mr. Presiding Justice Cartwright delivered the opinion of the Court.

Appellee brought this suit in replevin before a justice of the peace to recover possession of certain cattle owned by him and taken up by appellant while trespassing on his premises and held for the payment of damages and charges for keeping. Appellee made a tender before commencing the suit of $5.10, as payment of the amount for which appellant was entitled to hold the cattle, which was refused, and the money tendered was deposited with the justice of the peace. On a trial before the justice, the issues were

found for appellee, and that the damages did not exceed the tender, and judgment was rendered against appellant for costs.  An appeal was taken to the County Court, and there was a trial in that court, resulting in a verdict for appellant, but the court entered judgment against appellant, which purports to have been entered upon special findings of the jury returned with the general verdict.  Whether it was right to enter judgment against the verdict is the question in the case.

The verdict and special findings were as follows:

" We, the jury, find the issues joined for the defendant and assess the damages at $5.10.

Did the plaintiff, before this suit was begun, deposit with Justice R. C. Hoyt the sum of $5.10, for the payment of defendant's damages caused by the trespass of plaintiff's cattle ?

Answer, Yes.

Did the defendant's damage caused by plaintiff's cattle amount to more than $5.10 ?   Answer, No.

Has the alleged tender of plaintiff been brought into this court ?   Answer, No.

Did the plaintiff, at the time of the alleged tender to the defendant, before the commencement of this suit, state to or inform the defendant of the amount he tendered to him ? Answer, Yes."

The justice who received the money tendered was out of office, and his successor testified that it was not left with him, and it was shown that it had not been sent to the County Court.  The County Court also found and recited from an inspection of the files and records of the court that at the time of the trial the plaintiff had deposited no tender for defendant.  At that time the money was neither in the court below nor brought into the County Court.  The verdict was entered December 18, 1894, and on January 14, 1895, an entry was made in the record that the court reported that he received, on January 11, 1895, $5.10 from R. C. Hoyt, J. P., before whom the case was originally tried, and who, previous to the trial in said County Court had re-

moved from this State; and thereupon the court found the property in controversy to be the property of the plaintiff and that he was entitled to the possession, and rendered judgment against defendant for costs, giving him leave to withdraw the $5.10.

The entry of judgment against the general verdict was based upon the conclusion that the special findings that plaintiff deposited $5.10 with the justice, and that defendant's damages did not exceed that sum, were inconsistent with the general verdict finding the issues for defendant, although the jury also found specially that the tender had not been brought into the court. It is contended that when the money was offered to the defendant and left with the justice it belonged to defendant, and that plaintiff had lost all right to it, and had no further responsibility about it. The case was tried and verdict rendered upon the facts at the time of the trial, and of course the rights of the parties, as then determined, could not be affected by sending the money to the court twenty-four days afterward. If the judgment was properly entered it would have been equally proper if the money had never reached the court, but had remained in the foreign State.

We think that the judgment was clearly wrong. It has been uniformly held that a tender must be kept good in order to be available at a trial, and that was not done. Knox v. Light, 12 Ill. 86; Webster v. Pierce, 35 Ill. 158, O'Riley v. Suver, 70 Ill. 85; McDaniel v. Upton, 45 Ill. App. 151. We are unable to see how or when the money became the property of defendant. He never accepted it, but refused to do so, and it was never adjudged to him, and until one of these things happened he had no right to it. The duty rested on plaintiff to have the money at all times where defendant could take it if he chose to do so, and the obligation to preserve it did not rest on defendant. Plaintiff brought the money into the justice court, but the judgment there was not final. An appeal was taken, and the controversy transferred to the County Court. Until the money was accepted or the question settled by a judgment

it remained the duty of plaintiff to keep the tender good. The special findings showed that he did not do so, and they were not inconsistent with the general verdict. Cases determined in other States under statutes by which a payment may be made to an officer for the benefit of the opposite party and the money becomes the property of such party, and can not be withdrawn, can have no influence in the decision of this case, since we have no such statute applicable to it.

The error in entering the judgment may be corrected by the entry of a proper judgment here; and as the verdict and findings furnish a basis for an alternative judgment, we are of opinion that it should be in that form. The judgment of the County Court will be reversed, and judgment will be entered in this court that appellee, plaintiff in the court below, pay to appellant, defendant in the court below, within thirty days, the sum of five dollars and ten cents, being the amount for which the property replevied was rightfully held by appellant, or make return of the property replevied to appellant, and that appellee pay the costs of suit and this court. Reversed, and judgment in this court.