## John J. Wagner and George H. Wagner v. F. W. Heckenkamp and L. Blaesing, Partners, etc.

1. COSTS—*In Cases of Tender.*—Where a tender is made of payment, and the party to whom it is made refuses to accept it and sues for the demand, unless he recovers more than the amount tendered he will not be entitled to his costs.

2. TENDER—*Must be Kept Good.*—A tender, to be available as defense to an action, must be kept good.   The duty rests upon a party making a tender to have the money at all times where the opposite party can take it if he chooses to do so.

Assumpsit, for goods sold and delivered. Trial in the Circuit Court of Adams County, on appeal from a justice of the peace ; the Hon. JOHN C. BROADY, Judge, presiding. Judgment against defendant for $9.25, and against plaintiff for costs. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

L. H. BERGER, attorney for appellant.

CHESTER A. BABCOCK, attorney for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of
the court.

This suit originated before a justice of the peace, as a
claim by appellant against appellees for a few bushels of
apples belonging to the former, and taken by the latter by
mistake. Before the suit was commenced appellees ten-
dered to appellants $9.25 unconditionally, which tender was
refused, and the same tender was renewed in the justice's
court with like refusal, and after appeal to the Circuit Court
the money was withdrawn and a tender thereof renewed
at the trial in the Circuit Court, and upon its refusal the
money was deposited with the clerk of that court. The
trial was by jury and the verdict returned was for $9.25 in
favor of appellants, with finding that such sum was ten-
dered by defendants to plaintiffs prior to the suit. Appel-
lants moved the court to arrest the judgment against them
for costs, which the court overruled and gave judgment on
the verdict against appellees for $9.25 damages, and against
appellants for the costs, to reverse which this appeal is
prosecuted, the only question urged upon our attention
being the propriety of the judgment against appellants for
costs.

Section 3, Chapter 135, Revised Statutes, being the law in
relation to tender, provides that "in all cases where a
tender shall be made and full payment be offered, by dis-
count or otherwise, as the party, by contract or agreement,
ought to do, and the party to whom such tender shall be
made doth refuse the same, and yet afterward will sue for
the debt or goods so tendered, the plaintiff shall not recover
any costs in such suit." Sections 4 and 5 of the same act,
as well as section 20, article 5, of the act in relation to
justices of the peace and constables, provide for a tender
after the action is brought, to include legal costs of suit
incurred up to the time of tender, and if the tender is not
accepted, the defendant may avail himself of it in defense

in like manner as if it had been made before the commencement of the action, bringing into court the amount so tendered for costs as well as for the debt or damages. In either case of a tender, before or after suit, it is the uniform rule, as announced in numerous decisions of the courts, needing no citation of authority to support it, that a tender must be kept good in order to be available as a defense to the action. The duty rests upon the party making the tender to have the money at all times where the opposite party can take it if he chooses to do so. Testing the case presented by these plain rules of the law little difficulty should be encountered in reaching a just conclusion. The facts are, as already stated, appellees tendered appellants $9.25 before suit begun and it was refused; at the time of trial the tender was again made and refused and the money placed in the hands of the justice, the money being withdrawn pending the appeal to the Circuit Court, when the tender still remained unaccepted. In the Circuit Court the money was again tendered and refused, after which it remained with the clerk until the trial was concluded and it still remained unaccepted. It is argued against these undisputed facts that the tender is not availing as a defense against the costs of suit, as provided by the statute it shall be, because the money was not at all times pending the suit, either in the hands of the justice of the peace, or the clerk of the Circuit Court. The appellees testified they at all times were ready to pay the amount of the tender, and it is beyond dispute, appellants could, at any time, have taken the money had they chosen to do so. There is no evidence, nor suggestion, they for any instant of time desired to accept it, but in the face of their repeated refusals, it is beyond doubt they would not accept it.

The law seldom requires a useless act, and it is familiar law in some classes of cases that the declaration of a party, in advance of a tender, that it will not be accepted, excuses the party offering from making it, and at the same time secures to the latter the benefit of an actual tender and refusal. We are of the opinion, however, without attempt-

ing to invoke the rule just alluded to, appellees have brought themselves within the strictest rules by tendering the money before suit brought, and keeping their tender good afterward, by bringing into court the amount so tendered, both before the justice of the peace and in the Circuit Court. In Monroe v. Chaldeck, 78 Ill. 429, it was urged that it was error to enter judgment against the defendant for the amount tendered and costs, and the court there conceded the position would have force had it appeared, as it does appear in this case, the amount named in the plea was actually offered before suit was instituted, and this followed up by bringing the money into court subject to the order of the court; but as the evidence did not show a tender before suit brought, and the money was not brought into court, the court could do no less than render judgment for the amount admitted by the tender to be due for costs. In the case presented, the evidence did show a tender before suit brought, and the money was brought into court subject to the order of the court, and the court could, and did, render judgment against appellants for costs, as we think, rightfully.

The case of McDaniel v. Upton, 45 Ill. App. 151, relied upon by appellants, is not in point, for the reason that, although tender was made before suit brought, the defense was not made before the justice of the peace and the money brought in, as it was in this case, and hence the court held properly, no doubt, the defendant had in effect waived such defense.

The judgment of the Circuit Court will be affirmed.