Illinois State Trust Company, Trustee, Appellant, v.
J. B. Williams, Appellee.

Opinion
filed June 14, 1940.

SAUL E. COHN, of East St. Louis, and RUSSELL H.
CLASSEN, of Belleville, for appellant.

FRANK M. SUMMERS, of East St. Louis, for appellee;
LOUIE F. ORR, of East St. Louis, of counsel.

MR. JUSTICE DADY delivered the opinion of the court.
Plaintiff, in an action of forcible entry and detainer,
obtained a judgment in justice court for the possession
of a five-hundred acre farm. An appeal was taken to
the circuit court of St. Clair county where, after a trial

before a jury, judgment was rendered on the verdict in favor of defendant.

Plaintiff contends the trial court erred in refusing to direct a verdict in its favor at the close of the evidence. Considering the evidence in its aspects most favorable to defendant, we find he was in possession of the farm in 1936; he continued such possession in 1937 as a tenant under a written lease for one year, which lease expired November 4, 1937; he held possession in 1938 as a holdover tenant under such lease; in September of 1938 the parties made a new agreement for a lease of the premises in 1939, and a written lease was executed and placed in escrow. It was agreed orally that upon defendant paying his back rent for the years 1937 and 1938, amounting to $2,600, through the medium of delivering 2,600 bushels of corn by January 1, 1939, the new lease would be delivered and become effective. Thereafter defendant delivered 940 bushels of corn. He requested and received an extension of time until January 20, 1939, to deliver the balance. On or about January 14, 1939, plaintiff refused to accept any more corn, although defendant stated he was ready and able to deliver. On January 27th, 1939, this suit was commenced. No more corn was delivered. No offer or tender was made by the defendant at the time of the trial in the circuit court of his willingness, readiness or ability to deliver the balance of the corn.

Plaintiff insists that possession of the farm was unlawfully withheld without right after the termination of the holdover lease for 1938. Defendant contends that "a valid oral contract was made between the parties calling for a certain performance by" defendant "which performance was prevented by" plaintiff, and defendant "was rightfully in possession until allowed to perform."

Defendant's right to continue in possession after November 4, 1938, must rest on the new agreement. The effect thereof was not to create a present demise

for the new term. It amounted to no more than a covenant to grant the term, upon payment of the back rent in the manner provided, and for a failure to do so the lessee would have two remedies, one an action at law for damages, and the other for a specific performance of the agreement. A lessee's rights under such a contract are not different from what they would be under a contract of purchase. (*Fuchs v. Peterson*, 315 Ill. 370.)

Under the present forcible entry and detainer statute the law is settled that where a lessee, such as the defendant in this case, is in possession at the expiration of his term and has a contract for a new lease and has complied with his contract in every particular, he is entitled to the benefits of such lease authorizing him to continue in possession for the new term, and an action of forcible entry and detainer cannot be maintained against him. (*Fuchs v. Peterson, supra.*)

The question presents itself whether defendant has complied with the terms of the new agreement. The burden of proof, at least prima facie, was on defendant to prove such affirmative defense. If he has made such prima facie case he is entitled to possession; otherwise not. The delivery of the balance of the corn was and is an express condition precedent to his right to the lease. Defendant contends he offered to perform this condition by tendering the balance of the corn before suit was brought. Plaintiff denies such tender was made, but, as said, we assume such tender by defendant and refusal by plaintiff. The fact remains that there is no evidence in the record showing, or tending to show, that at the time of the trial defendant was ready, willing or able to deliver any corn. If he were suing in equity for specific performance, plaintiff's refusal to accept the corn before suit would not excuse the defendant from making an actual tender of the corn at the time of the hearing. (*Bell v. Anderson*, 292 Ill. 605; *Mitchell v. White*, 295 Ill. 135.) The rule under the

244

facts in this case is no different. The prior tender did not satisfy defendant's duty to deliver the balance of the corn. (*Plumb v. Taylor*, 27 Ill. App. 238, 13 C. J. 654.) If defendant intended to rely on such act as a defense, it was his duty to keep the tender good by making such tender at the time of the trial and his failure to do so was fatal. (*O'Riley v. Suver*, 70 Ill. 85; *McDaniel v. Upton*, 45 Ill. App. 151.) On this record plaintiff was entitled to a judgment for possession.

We do not find it necessary to consider the other questions presented and the judgment of the trial court is reversed and judgment is entered in favor of the plaintiff for possession of the premises in question and execution for possession thereof and for its costs.