In the Matter of BROOKWOOD COUNTRY CLUB, Debtor.

Thomas E. McGUIRE, Appellant,

v.

Ralph A. COHEN, Appellee.

Nos. 14664, 14665.

United States Court of Appeals Seventh Circuit.

Nov. 16, 1964.

Rehearing Denied Dec. 23, 1964.

Robert J. Nolan, Joseph R. Friedman, William S. Collen, Chicago, Ill., for appellant.

Jacob B. Courshon, Gerald White, Chicago, Ill., Courshon & White, Chicago, Ill., of counsel, for appellee.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Thomas B. McGuire, appellant, prosecutes these consolidated appeals from orders of the District Court approving the report of a Special Master and adjudicating Ralph A. Cohen, appellee, to be the legal owner of all twenty-eight issued and outstanding certificates of membership of the debtor corporation, Brookwood Country Club, a not-for-profit corporation, the subject of a pending reorganization proceeding under Chapter 10 of the Bankruptcy Act; and restraining and enjoining the institution or further prosecution of other proceedings concerning the debtor, its properties, or the ownership of said certificates. The certificates involved represent the equities of the corporation.

The basic issues presented by the appeals are whether the District Court had jurisdiction to determine the ownership of the membership certificates and whether the findings and conclusions upon which the determination of ownership in appellee is based represent the application of correct legal criteria. The appellant contends the District Court lacked jurisdiction by reason of a prior assertion of jurisdiction by the Circuit Court of Cook County, Illinois, and by reason of its being unnecessary to determine the ownership of the equities of the corporation for proper handling of the reorganization proceeding. He further contends that a February 3, 1964, sale of the certificates to Cohen did not validly vest Cohen with ownership thereof for the reason that it was a sale of collateral appellant had pledged as security for a loan, which sale was made after a tender of full payment had been made.

The material facts are not in dispute. The record discloses that on November 9, 1960, McGuire executed a collateral note for $45,000 payable in six months, with interest at 6% per annum. Three items of collateral were pledged and delivered as security for payment. One of these was the 28 certificates of membership in Brookwood Country Club; another was the interest of McGuire as lessee in a leasehold interest for a term of 99 years. The note authorized sale of the collateral at or after maturity, without demand or notice, at public or private sale at which the payee or holder might become the purchaser free from any right of redemption. After three extensions of the time for payment, McGuire defaulted and on December 4, 1961, collateral, including the 28 membership certificates, was sold to Cohen for $50,-403.75.

On February 28, 1962, Cohen filed a petition in the Chapter 10 reorganization proceeding pending in the District Court seeking recognition of his ownership of the certificates. McGuire's counsel appeared before the special master on that date and stated he was tendering a cashier's check in the amount of $53,578.75 in full payment of principal, interest, and attorney fees. The matter was continued until March 15, 1962, without a ruling or disposition.

On March 14, 1962, McGuire filed a suit in equity in the Circuit Court of Cook County seeking to redeem the collateral sold at the extrajudicial private sale of December 4, 1961. Upon being advised of the filing of the state court suit the District Court entered an order denying Cohen's pending petition.

The complaint in the state court suit alleged that McGuire had tendered a cashier's check for $53,578.75 on February 28, 1962, "to redeem all of the property described [the collateral sold December 4, 1961]" and "hereby tenders and offers to deposit" the full amount for which the sale was had with interest to February 28, 1962, together with such costs as are deemed just and equitable. The complaint prayed that Cohen be directed to accept the sum found to be due and owing "and upon payment of the same out of the deposits hereby tendered" to execute such documents as would restore to McGuire his ownership of the property. No actual deposit was ever made.

The state court litigation culminated in an opinion of the Illinois Appellate Court (McGuire v. Cohen, 44 Ill.App.2d 375, 195 N.E.2d 280) in which the court after declaring (p. 379, 195 N.E.2d p. 282):

"Also, we do not believe that the Brookwood Country Club membership certificates are to be considered within the rules which apply to trusts of which the corpus is real estate and of which 'beneficial interests' of the 'cestuis' are considered to be freehold interests in lands. (DeVoigne v. Chicago Title & Trust Co., 304 Ill. 177, 136 N.E. 498 (1922); Horney v. Hayes, 11 Ill.2d 178, 142 N.E.2d 94 (1957).) Neither do we believe that these membership certificates give rise to any rights of redemption here to plaintiff."

went on to hold (pp. 387–388, 195 N.E. 2d p. 287):

"We conclude that the private sale of the collateral was void as to both properties, because the 'true character' of one of the items of the unit sale, the instant leasehold, is real estate, which requires that it be sold 'in pursuance of a judgment or decree of a court of competent jurisdiction,' as provided in section 1 of the Illinois Mortgage and Foreclosure Act, and with right of redemption as provided in section 18, Chapter 77. This holding as to both items is necessary, because they were sold as a unit and not as separate items for separate sums of money."

The court remanded the case to the circuit court "for further proceedings in accordance with the views expressed herein".

Subsequent to the decision of the Appellate Court a private sale of collateral, limited to the 28 membership certificates, was held on February 3, 1964, and Cohen purchased them for $35,000. On February 10, 1964, Cohen filed another petition in the District Court seeking recognition of his ownership of the certificates in the reorganization proceeding, and on February 14, 1964, sought injunctive relief on the basis of allegations that McGuire was seeking to further litigate the question of ownership of the certificates in the Circuit Court of Cook County on the remand by the Appellate Court. These February 1964 petitions resulted in the orders from which the present appeals were taken.

■■ We are of the opinion that the District Court had jurisdiction to determine the ownership of the certificates of membership representing the equities of the debtor corporation. Section 196, Subchapter 9, Chapter 10 of the Bankruptcy Act (11 U.S.C.A. § 596) expressly provides for the submission of proof of the interests of shareholders and directs summary adjudication of objections pertaining to the allowance of such interests. And, as this Court had occasion to observe in In re Burton Coal Co., 7 Cir., 126 F.2d 447, 448, there is an exception to the rule that ordinarily a court of bankruptcy will not take jurisdiction of a controversy over a matter in which the trustee has no interest; "namely, where the debtor is seeking a reorganization, and it is necessary to ascertain the title to the stock where the approval of the stockholders is necessary to a reorganization." The Court concluded that without settlement of a dispute over stock ownership reorganization cannot proceed.

The District Court's initial abstention from asserting its jurisdiction because of the pending state court litigation concerning McGuire's right to redeem the membership certificates was proper. But that litigation terminated with an adjudication that no right of redemption from a valid sale existed in so far as the certificates of membership were concerned, and deference to the state court's assumption of prior jurisdiction with respect to that issue did not, as appellant contends, preclude assertion by the District Court of its jurisdiction over the subsequently arising and entirely different issue—the validity and effect of the February 3, 1964 private sale.

We believe it clear from the Appellate Court's opinion in McGuire v. Cohen, supra, that under Illinois law a sale of the pledged membership certificates as authorized by the terms and conditions of the collateral note, upon default in payment of the loan, is not subject to any right of redemption. And it is equally clear from the record that no tender of payment of the loan preceded or existed at the time of the February 3, 1964, sale of the certificates to Cohen. The $53,578.75 offer made February 28, 1962, was a post-sale attempt to exercise a right of redemption—to repurchase or buy back the collateral sold. It is characterized as such in appellant's state court complaint by which he sought to enforce an equitable right of redemption —a right which the Illinois Appellate Court held non-existent in so far as the membership certificates were concerned. At no time subsequent to that adjudication did appellant tender payment of the loan. His pleading in response to appellee's February 10, 1964, petition relies solely, in this connection, upon a recital of the February 28, 1962, offer to redeem which he attempts to assert and characterize as a tender of payment of the loan, rather than as an attempt to exercise a right of redemption. The February 3, 1964, sale was not precluded by a tender of payment of the loan.

Moreover, if under any theory it would be proper to consider the February 28, 1962, post-sale statement with reference to the cashier's check for $53,578.75 as a tender of payment of the loan there is no evidence to show that such tender was kept alive and effective at the time of the February 3, 1964, sale. And, a tender to be effective must be kept alive. Cf. Cottrell v. Gerson, 371 Ill. 174, 20 N.E.2d 74; Illinois State Trust Co. v. Williams, 306 Ill.App. 241, 28 N.E.2d 340.

We perceive no error in the District Court's assertion of jurisdiction or in the conclusions it reached. The orders appealed from are affirmed.

Affirmed.