## PETER EICHORN, SR.

### v.

## THEODORE H. PETERSON ET AL.

FORCIBLE DETAINER—ELECTION TO RENEW.—An original lease was executed by appellant and contained a covenant against assignment, and with a provision that the lessee " should have the privilege to a further lease of five years after the expiration of this term." The lessee made two assignments of the lease with the assent of the appellant in each case. The five years having elapsed, appellees, to whom the lease was last assigned, elected to renew. Appellant brings an action of forcible detainer against appellees. *Held*, that under the statute as amended, appellees have a right to defend under the covenants in the lease, paying all installments of rent as they become due. The substantial right of appellees to the possession of the lot is the same whether they have a covenant for a lease or a lease written out in due form of law.

APPEAL from the Circuit Court of Peoria county; the Hon. JOHN BURNS, Judge, presiding. Opinion filed August 7, 1885.

Messrs. WORTHINGTON & PAGE, for appellant; cited Finney v. Cist, 34 Mo. 305; Ridgeley v. Stillwell, 28 Mo. 400; Hunter v. Silvers, 15 Ill. 176.

Mr. I. C. EDWARDS and Mr. GEORGE B. FOSTER, for appellees; that the acceptance of rent from an assignee or purchaser of the lessee will preclude the lessor from insisting upon a forfeiture on the ground the assignment was made without

his written assent, as provided in the lease, cited Webster v. Nichols, 104 Ill. 160; Ireland v. Nichols, 46 Ill. 413; Shattuck v. Lovejoy, 8 Gray, 204.

A covenant to *renew* runs with the land: Piggott v. Mason, 1 Paige, 412; Wood's Landlord and Tenant, 515–675; Wilkinson v. Pettit, 47 Barb. 230; Newman v. Orpon, 4 Wis. 335.

There is no legal distinction between the character of a covenant to renew, and a covenant providing for an optional extension of the term of the lease; both run with the land, and all covenants in a lease that run with the land, pass by an assignment to the assignee, and may be enforced by him: Wood's Landlord and Tenant, pp. 512–515; Wilkinson v. Pettit, 47 Barb. 230.

LACEY, P. J. This was an action in forcible detainer by appellant against appellees, to recover possession of a brick building, cellar and yard on lot 1 B 5, in the original plat of the city of Peoria. The original lease was by appellant to James Gillig, and ran from 7th of August, 1879, to 1st of August, 1884, at a rental of $40 per month, with a covenant against assignment, and with a provision that Gillig "should have the privilege to a further lease of five years after the expiration of this term." Gillig assigned the lease to Gipp & Co., and the latter to appellee, with the assent of the appellant to the assignments. The appellee was successful in the court below. The condition in the lease for renewal seems to be an agreement on the part of appellant to execute a new lease to the lessee, and the lease is not in law a ten years' term at the option of the lessee. Such covenant could properly be enforced in a court of equity the same as a contract for conveyance of real estate. It is supposed by appellant's counsel that Hunter v. Silvers, 15 Ill. 176, holds that such an agreement for extension could not be set up as a defense in this action; that the remedy would be in equity to enforce specific performance of the contract. But it will be observed that at the time that case was decided, the statute on the subject of forcible detainer was in force which authorized a recovery in

forcible detainer when the time for which the lease was to run by its terms had expired. Sec. 1, Act 1845. The act, however, was amended in 1872, changing the statute so as to allow the recovery only in case the term had expired and the lessee was holding without right. Sec. 2, Act 1872. In actions of ejectment as between vendor and vendee, the latter can set up the contract of purchase as a defense to the action. Stone v. Russell, 31 Ill. 18, and Sloan v. Petrie, 16 Ill. 262. So here the appellee must be considered to have the right to defend in like manner, in accordance with the provisions of the amended statute. He has the right to the execution of a new lease for five years, and is in possession under it and the agreement for extension contained therein, and it is only the appellant's fault that he has not received the new lease. Nothing is more just than that he should be allowed to defend under the covenants in the lease, paying all installments of rent as they become due. It is the appellant's fault alone that the appellee is without a written lease, and only has a covenant for one. The substantial right of the appellee to the possession of the lot is the same, whether he has a covenant for a lease or a lease written out in due form of law. The difference is only one of form, and the appellant is in fault in not putting it in form. The judgment is therefore affirmed.                                   Affirmed.