## HOLT v. NIXON.

(Circuit Court of Appeals, Seventh Circuit.   October 24, 1905.)

No. 1,165.

1. LANDLORD AND TENANT—ACTION OF FORCIBLE DETENTION BY LANDLORD—DEFENSES.

Under the Illinois statute providing for the recovery of real estate by an action in forcible detainer from any lessee who holds possession "without right" after the determination of his lease, it is a good defense to such an action by a lessor, after the expiration of a lease, that such lease gave defendant the right to renew for another term, and that plaintiff refused to sign a renewal lease which was tendered to him by defendant for execution.

2. SAME—RIGHT OF TENANT TO RENEW LEASE—ELECTION.

A provision in a lease that the rent should be "paid quarterly in equal payments on the ———" in legal effect requires such payment to be made at the end of each quarter, and where the lease gave the lessee the right to renew on the same terms the tender to the lessor for his signature of a new lease providing that the rent should be paid on the last day of each quarter was a sufficient election to renew.

3. SAME—EVIDENCE.

The right of a tenant to renew a lease, given by its terms, where notice of an election to renew was given to the lessor and not withdrawn, cannot be affected by the fact that after the landlord refused to renew the tenant looked for other premises with a view to surrendering those occupied, if it should be thought advisable.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

This action in forcible detainer was begun in February, 1904, by the plaintiff in error to obtain possession of certain premises in Chicago occupied by the United States custom house, and in charge of the defendant as collector of customs. The trial was had to the court without a jury, and resulted in a judgment for the defendant.

On April 19, 1898, a written lease was executed by Mr. Holt, owner of the premises, of the first part, and the United States, by Mr. Nixon, as collector, acting under the authority of the Secretary of the Treasury in behalf of the United States, of the second part, for one year from May 1, 1898, at a rental of $4,800 a year; "said rent to be paid quarterly in equal payments on the ———."

The lease contained the following provision:

"It is further understood that the party of the second part shall have the privilege of six annual renewals of this lease upon the same terms and conditions as are herein set forth."

New leases of the same form were executed each year until 1903.

On the trial Mr. Holt made his prima facie case by proving the defendant's possession, the lease that expired on May 1, 1903, the fact that no subsequent lease had been executed, the plaintiff's demand thereafter for possession, and the defendant's refusal. The defendant, over the plaintiff's objection, then proved these facts: On April 20, 1903, the United States, through Mr. Nixon, notified Mr. Holt of its election to take a new lease for the year beginning May 1, 1903, in pursuance of the option in the original lease, and tendered him for execution a form of lease identical with the original in all respects, except that the rent clause provided: "Said rent to be paid quarterly in equal payments on the last day of each quarter, first payment becoming due on July 31, 1903." Mr. Holt declined to execute this lease.

After the foregoing facts were in evidence Mr. Holt proved that the Treasury Department, from 1898 to April, 1903, had paid the rent substantially in

advance of the ends of the quarters. And he offered to prove that Mr. Nixon, though insisting that he had no authority to execute a lease calling for rent in advance of the end of the quarter, had stated that he was authorized to say to Mr. Holt, and would and did agree, that the rent should be paid quarterly in advance; that the same understanding was had between Mr. Holt and Mr. Nixon at each renewal down to 1903; and, further, that the Treasury Department, after Mr. Holt's refusal to execute the lease tendered to him on April 20, 1903, had written a letter instructing Mr. Nixon to look around for other premises. The court sustained the defendant's objections to these offers.

The part of the Illinois statute that applies to this action reads thus: "The person entitled to the possession of lands and tenements may be restored thereto in the manner hereafter provided: * * * Fourth: When any lessee of the lands or tenements, or any person holding under him, holds possession without right after the determination of the lease or tenancy by its own limitation, condition or terms, or by notice to quit or otherwise."

Certain sections of the Revised Statutes of the United States are referred to in the opinion:

"Section 3648. No advance of public money shall be made in any case whatever. And in all cases of contracts for the performance of any services or the delivery of articles of any description for the use of the United States, payment shall not exceed the value of the services rendered or of the articles delivered previous to such payment. * * *

"Section 2957. No collector or other officer of the customs shall enter into any contract or agreement for the use of any building to be thereafter erected as a public store or warehouse, and no lease of any building to be so used shall be taken for a longer period than three years, nor shall rent be paid, in whole or in part, in any case, in advance." [U. S. Comp. St. 1901, pp. 2425, 1944].

William P. Sidley, for plaintiff in error.
Francis G. Hanchett, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The action of forcible entry and detainer is statutory, and the plaintiff can succeed only on the terms prescribed in the statute. Under the section applicable here the plaintiff could not maintain his action, except by complying with the statutory condition, which required him to prove that the defendant was holding over "without right." This the plaintiff accomplished in his opening, wherein it was not disclosed that the United States had elected to renew. In meeting the prima facie case the defendant was entitled to bring out the fact of election to renew, not as an affirmative defense, legal or equitable, but as the denial of the existence of the condition without which the plaintiff could not bring himself within the statute on which he based his action. Facts that demonstrated that the plaintiff was withholding the lease without right would establish that the defendant was not holding over without right. Eichorn v. Peterson, 16 Ill. App. 601. The Supreme Court of Illinois, so far as we are advised, has not passed upon this question. Hunter v. Silvers, 15 Ill. 174, was based on a former statute that did not contain the words "without right." So the court below ruled correctly in admitting evidence of the election to renew.

The plaintiff claims that he was entitled to a directed verdict on account of the insufficiency of the facts brought out by the defense to constitute an election to renew. The point is made that the plaintiff's covenant did not require him to execute a lease which contained the words "payable on the last day of each quarter." But such was the legal effect of the words of the original lease. The terms and conditions respecting rent were therefore as distinctly expressed as if the legal effect of the words employed had also been written out in full. Consequently there was no variance between the lease tendered for execution and those which the plaintiff had been executing in renewal.

And since the rent conditions were fully expressed in the original lease, the foregoing conclusion also disposes of the assignments based on the court's refusal to permit the plaintiff to introduce parol evidence in contradiction of such conditions. Furthermore, the Treasury Department and the collector of customs derived their authority from the law; and the statutes quoted in the statement of the case, which were called to the plaintiff's attention before he signed the original lease, limited the authority of the governmental agents to bind the United States.

The letter from the Treasury Department to the collector was properly excluded. The rights of the United States became fixed by the notice to renew, which was never withdrawn. Those rights were not abandoned by looking for other premises with a view to surrendering, if the Treasury Department should thereafter think it desirable to do so, the premises in question to the plaintiff.

The judgment is affirmed.