(No. 16078.—Judgment affirmed.)
ALBERT FUCHS, Plaintiff in Error, *vs.* GEORGE PETERSON, Defendant in Error.

*Opinion filed February 17, 1925.*

1. LEASES—*lessee must comply with condition precedent to exercise of option to renew.* A provision in a lease giving the lessee an option for a new lease for a five-year term upon the condition precedent that the lessee shall give written notice by registered letter by a certain date must be complied with by the lessee unless the condition is waived by the lessor.

2. SAME—*a lessor may by parol waive a written provision inserted in the lease for his benefit.* A lessor may by parol waive a condition inserted in the lease for his benefit, and such waiver does not amount to a parol change in the written contract in violation of the Statute of Frauds.

3. SAME—*effect of provision giving option to renew lease.* A provision in a lease giving the lessee "first option for a new lease for another term of five years at not over $250 a month and if a registered letter notice is given by March 1, 1923, to this effect," is not a grant of a present demise of the additional term but is a covenant to grant the term upon the condition specified.

4. FORCIBLE DETAINER—*effect of revision of Forcible Entry and Detainer act in 1874.* The effect of the revision of the Forcible Entry and Detainer act of 1874 is that the holding over of a tenant which will justify the proceeding in forcible entry and detainer must not only be after the determination of the lease but without right.

5. SAME—*when an action cannot be maintained against lessee.* Where a lessee has given verbal notice of his intention to exercise an option for a new lease and the lessor has informed him that no further notice will be necessary, a provision in the lease for

registered letter notice at a subsequent date is waived, and if the lessee has tendered the rent due, the lessor cannot maintain an action of forcible entry and detainer against the lessee based upon the failure to give the registered letter notice.

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. D. H. WAMSLEY, Judge, presiding.

BROWN, ALSCHULER & REAGH, for plaintiff in error.

WARREN PEASE, (J. ARTHUR JOHNSON, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This writ of error brings before us the case of Albert Fuchs against George Peterson, in which the Appellate Court for the First District affirmed a judgment of the municipal court of Chicago in favor of the defendant in an action of forcible entry and detainer.

On May 1, 1918, Fuchs leased the premises at 3808 Broadway, in Chicago, to Peterson from that date to April 30, 1923. The lease contained the following clause: "Lessee to have the first option for a new lease for another term of five years at not over $250 a month and if a registered letter notice is given by March 1, 1923, to this effect." The notice was not given, but Peterson on April 30, 1923, tendered Fuchs a check for $250, which was returned in a letter from Fuchs' attorney declining to receive it solely for the reason that Peterson was not a tenant, expressly waiving any question of the legality of the tender. The lease gave an option to the lessee for a new lease, at an increased rate not exceeding $250 a month, for a new term of five years upon the condition precedent that the lessee should give notice to that effect by registered letter by March 1, 1923. The time of giving the notice was of

the essence of the contract, and upon failure of a compliance with its requirement the right of the lessee to demand a new lease was lost unless the condition was waived by the lessor. (*Dikeman* v. *Sunday Creek Coal Co.* 184 Ill. 546.) To show such waiver, a lawyer who was advising Peterson testified that he went with Peterson to see Fuchs about the middle of March, 1922, which was more than a year before the expiration of the lease, and said to Fuchs: "That there may be no misunderstanding as to what Mr. Peterson is going to do so far as his option or rights under this lease is concerned, I want to give you notice now that he has exercised the right to renew or extend this lease for another period of five years under the terms of the lease, and that makes him have a six-year lease. Now, Mr. Fuchs, is it necessary for me to give you any further notice? George is here to tell you he is going to go along with this lease and he is going to renew it and exercise that option;" that Fuchs then said: "No, I guess not; no use; no further notice is necessary." Peterson also testified as to what occurred but his testimony is not so clear. It added nothing to the lawyer's testimony and took nothing from it. Fuchs denied that anything was said in the conversation about the renewal of the lease or the necessity of giving a written notice. The verdict of the jury and the judgment must be regarded as conclusive on this question in favor of the defendant in error.

If the lessee's election was properly exercised he became entitled to have a new lease for a term of five years, beginning May 1, 1923, at $250 a month, on the same terms as the original lease. The effect of the option was not to create a present demise of the additional term beginning May 1, 1923. It amounted to no more than a covenant to grant the term, and for a failure to do so the lessee's only remedy, it was formerly held, would be by bill in equity for a specific performance or an action at law on the agreement. (*Hunter* v. *Silvers,* 15 Ill. 174; *Sutherland* v. *Good-*

*now,* 108 *id.* 528.) In the former case it was decided in 1853 that such an option for a new lease could not be used as a defense to an action to recover the possession of the premises brought after the expiration of the original term. The statute in regard to forcible entry and detainer at the time of that decision provided that if any person should willfully and without force hold over any lands, tenements or other possessions after the determination of the time for which such lands, tenements or possessions were let to him or to the person under whom he claimed, after demand made in writing for possession thereof by the person entitled to such possession, such person should be adjudged guilty of forcible entry and detainer, or forcible detainer, as the case might be. (Rev. Stat. 1845, sec. 1, p. 256.) So long as there was not an actual renewal there was no lease requiring the lessee to pay rent for the term and conferring on him the legal right to possession. The law in regard to forcible entry and detainer was revised in 1874 to provide that "the person entitled to the possession of lands or tenements may be restored thereto in the manner hereinafter provided: * * * Fourth, when any lessee of the lands or tenements, or any person holding under him, holds possession without right after the determination of the lease or tenancy by its own limitation, condition or terms, or by notice to quit, or otherwise." The revision changed the statute by providing that the holding over of the tenant which would justify the proceeding in forcible entry and detainer must not only be after the determination of the lease but without right, and it is contended that the holding over by the defendant in error was not without right but was under his contract for a lease, with which he had complied. This is in accordance with the recognized rule that an action of ejectment, which is a possessory action, cannot be maintained against purchasers in possession under a contract of purchase until they have made default in the performance of the contract. (*Hutchinson* v. *Coonley,*

209 Ill. 437; *Sands* v. *Kagey,* 150 id. 109; *Stow* v. *Russell,* 36 id. 18.) A lessee's rights are not different from what they would be under a contract of purchase. While the lessee has not purchased the fee in the premises he has purchased an estate for years, which carries with it the right of possession for the length of the term as fully as a purchase of the fee. A mere contract for the purchase of land does not authorize the purchaser to enter into possession without the license of the vendor, but where a lessee has an option for the renewal of his lease and is in possession at the expiration of his term he is in possession under a title rightfully obtained, and having been guilty of no default but having complied with his contract in every particular, he is entitled to a lease authorizing him to continue the possession for the new term. An action of ejectment could not be maintained against him by the lessor; neither can one of forcible entry and detainer.

It is contended that the covenant to renew, not being a present demise, requires a new lease, without which the tenant cannot retain possession, and if the supposed waiver of written notice and parol election of the lessee entitles him to a new lease, they not only destroy the lessor's right to a written notice but their effect is to create a lease for a period of five years, in violation of section 2 of the Statute of Frauds, which prohibits the bringing of an action to charge any person upon any contract for the sale of any interest in lands for a longer term than one year unless such contract be in writing. It is argued that the waiver of written notice could not result in the creation of a tenancy for an additional five years or of any right to claim such tenancy. The right to claim a new lease for five years is contained in the original lease. If the defendant in error had given the written notice which it required, he would, without question, have been entitled to a renewal of his lease, and, in accordance with what we have already said, to the judgment which was rendered in his favor.

What was the effect of the waiver? The rule has been established in this State by many decisions that a sealed executory contract cannot be modified or changed by parol agreement so as to authorize either party to sue on it. (*Hume Bros.* v. *Taylor & Moss,* 63 Ill. 43; *Barnett* v. *Barnes,* 73 id. 216; *Alschuler* v. *Schiff,* 164 id. 298; *Ryan* v. *Cooke,* 172 id. 302; *Starin* v. *Kraft,* 174 id. 120; *Lanum* v. *Harrington,* 267 id. 57.) It is equally well settled that a party to a written contract may by parol waive performance of a condition which was inserted in the contract for his benefit. "A waiver of a covenant by the party for whose benefit it is inserted into a written instrument may be made by parol, and such waiver is held not to be a modification or change in the terms of the original agreement." (*Becker* v. *Becker,* 250 Ill. 117.) In that case, by an antenuptial contract it was provided that the husband should have the wife's property in case he survived her, and he covenanted, among other things, that she should be entitled to the money arising from a policy of insurance for $200 on his life and that he would keep the policy in force during her life. Soon after the marriage the policy was dropped at the request of the wife, and though the husband desired to take out other insurance she insisted that he should not do so and she would waive that provision of the contract. After the death of the wife in the lifetime of the husband it was held that the wife's heirs were bound by her waiver and could not insist upon the forfeiture of the contract because of the husband's failure to perform this covenant. In *Kissack* v. *Bourke,* 224 Ill. 352, the contract of sale required the vendee to deposit the purchase money in a certain bank within sixty days. Before the expiration of the time the parties agreed, verbally, to an extension of the time for completing the contract thirty days, to enable the vendor to have the abstract of the title brought down to date so as to show a good title in him. The money was deposited within the thirty days, but it was objected that the exten-

sion agreement was not evidenced in writing and was therefore void because within the Statute of Frauds. It was held that the vendee had waived a compliance with that provision of the contract by his agreement for an extension and that the proof of the waiver might be made by parol. In *Chicago and Eastern Illinois Railroad Co. v. Moran,* 187 Ill. 316, a sub-contract for the construction of railroad machinery provided that no other stone than that specified in the contract should be used without the written consent of the company's engineer. On a petition to enforce a mechanic's lien it was held that this provision was waived by the oral direction of the engineer for the substitution of other stone, which was accepted and used by the company. These cases were in equity. *Moses v. Loomis,* 156 Ill. 392, was an action of forcible detainer, in which judgment was rendered in favor of the defendants. The lease contained a covenant that the lessees would not make any alterations in the premises without the written consent of the lessor under the penalty of forfeiture and damages. On the trial evidence was given of alterations made by the lessees, but it was shown that they were made by the oral direction and consent of the lessor. The court instructed the jury that if they believed from the evidence that the lessor verbally authorized the lessees to make the changes this was a waiver by the lessor of the provisions of the lease in regard to alterations, and as that provision had been inserted in the lease for the benefit of the lessor he had a right to waive it. It was held, in affirming the judgment, that there was no error in this instruction. *Vroman v. Darrow,* 40 Ill. 171, was also an action at law, being assumpsit on promissory notes, in which it was said: "Any party has a right to waive a strict compliance with the terms of the contract, and proof of such waiver may consist of acts *in pais."*

     The judgment will be affirmed. *Judgment affirmed.*