(No. 16856.—Reversed and remanded.)
E. PALMA BEAUDETTE NEIL, Appellant, *vs.* MARION C. KENNEDY, Appellee.

*Opinion filed December 16, 1925.*

1. EJECTMENT—*a purchaser under contract for conveyance has defense to an action of ejectment—burden of proof.* Where a purchaser of lands has been permitted to take possession of the premises under a contract of purchase and is not in default he has a complete defense to an action of ejectment by the vendor, but where suit is brought by a purchaser from the vendor, proof of the conveyance, though only by quit-claim deed, establishes the legal title in the plaintiff and casts upon the defendant the burden of showing lawful possession.

2. SAME—*when purchaser under contract for conveyance may regard contract as abandoned.* Though a contract for conveyance upon the payment of the purchase price in installments recites that it shall be obligatory upon the heirs and assigns of the respective

parties, yet where the vendor conveys to another party, the purchaser, not having been in default, may regard the contract as abandoned and may recover the payments made under the contract, but where an assignment of the contract is made with such conveyance the parties thereto recognize the contract as binding upon them as well as upon the original purchaser.

3. SAME—*waiver of condition may be enforced in law as well as in equity.* A party to a contract may by parol waive performance of a condition which was inserted in the contract for his benefit, and such waiver will be enforced in an action at law as well as in equity but will not be held to be a change in the terms of the original contract.

4. SAME—*when forfeiture is waived by acceptance of payment after default.* Though time is declared to be of the essence of a contract for conveyance upon payment of installments of the purchase price, the right to declare a forfeiture for failure to make a payment on the day fixed by the contract is waived by acceptance after the day; but where there is a continuing cause of forfeiture, the acceptance of a payment after the breach incurring the forfeiture was committed will not preclude insistence upon the forfeiture if the breach continue after the acceptance or a new breach occur.

5. SAME—*when tender is a question of fact.* Where a tender has been prevented by the action of the party to whom the tender should be made, that party cannot take advantage of the failure of the tender, but the question whether the plaintiff, in an action against a purchaser in possession under a contract for conveyance, by her action prevented the tender, or whether defendant through want of diligence failed to make proper tender, is a question of fact.

6. SAME—*when an instruction should not refer to "substantial" compliance with contract without defining the term.* In an action of ejectment against a purchaser in possession under a contract for conveyance, where the vital question in the case is whether the defendant has complied with the contract in paying installments of the purchase price, an instruction that before the contract can be considered in defense of the action the jury must find that the "defendant has substantially complied with the terms and conditions thereof," is not proper without further instructing the jury as to what will constitute a substantial compliance with the contract.

FARMER, J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN H. MARSHALL, Judge, presiding.

MORTON T. CULVER, for appellant.

HUME & KENNEDY, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The circuit court of Cook county rendered a judgment for the defendant in an action of ejectment, and the plaintiff appealed.

Marie M. Dowd, who was the owner of the premises and the common source of title, entered into a written contract on June 1, 1922, to sell them to Marion C. Kennedy, the appellee, for $10,500,—$1000 cash, $4500 by the assumption of a mortgage, and the remaining $5000 in installments of $100, payable on the first day of each month, beginning July 1, 1922, with interest on the whole sum remaining unpaid at six per cent, payable monthly. The appellee entered into possession under this contract. April 17, 1924, Mrs. Dowd conveyed the premises to the appellant by a quit-claim deed. Proof of this conveyance established the legal title in the appellant and cast upon the appellee the burden of showing that her possession was lawful. Where a purchaser of lands has been permitted to take possession of the premises under the contract of purchase and is not in default, he has a complete defense to an action of ejectment by the vendor. *Stow* v. *Russell*, 36 Ill. 18; *Turpin* v. *Baltimore, Ohio and Chicago Railroad Co.* 105 id. 11; *Sands* v. *Kagey*, 150 id. 109; *Chicago and Eastern Illinois Railroad Co.* v. *Hay*, 119 id. 493; *Hutchinson* v. *Coonley*, 209 id. 437; *Daniels* v. *Smith*, 252 id. 222.

The contract required the monthly payments to be made to J. W. Dowd, 4326 South Wabash avenue, and all payments were made to him to February 1, 1924, including the payment due on that date, though the checks given in payment which were received in evidence show that no payment after the first was made at the time it was due, the

length of default varying from a week to almost six months.
No payment was made on the contract after February, 1924,
until January 20, 1925. In the meantime the plaintiff, hav-
ing acquired the legal title to the premises and the vendor's
interest in the contract, had begun a suit in the municipal
court of Chicago for the possession of the premises. This
case was settled and dismissed on January 20, 1925, and
the appellee paid to the appellant $2165.32 in payment of
the eleven installments then due and the amounts paid out
by the appellant for taxes, special assessments and inter-
est. The payment due on February 1, 1925, was made by
a check of Thomas C. Kennedy mailed by the appellee to
the appellant, received on February 2 and cashed on Feb-
ruary 19. On the same day the appellant notified the ap-
pellee that thereafter she wanted the payments to be made
to her in money at her house. On February 28 Thomas C.
Kennedy, acting for the appellee, caused his check for the
amount of the payment due March 1, $109, payable to the
appellant, certified by the bank on which it was drawn, to
be mailed to the appellant, who received it and immediately
returned it by registered mail to the cashier of the bank,
Fred C. Hoebel, who had sent it. The appellee then sent a
messenger to the appellant's house twice on March 2, and
again the next day, with the money to pay or tender the
appellant, but he was unable to get in the house. The con-
tract provided that in case of the failure of the appellee to
make any of the payments or perform any of the covenants
on her part, the contract should, at the option of the other
party, be forfeited and determined and the appellee should
forfeit all payments made, and the vendor should have the
right to re-enter and take possession of the premises. On
March 3 the appellant sent the following notice to the ap-
pellee, who received it: "Default having been made in the
performance of the terms and conditions on your part to
be performed, under articles of agreement made the first
day of June, 1922, for the purchase by you from Marie M.

Dowd of the real estate hereinafter described, said articles of agreement and all interest in said real estate having been heretofore assigned, transferred and conveyed to me by said Marie M. Dowd. You are hereby notified that under the authority of the terms and conditions of said agreement I have and do hereby elect to cancel said articles of agreement and retain all payments made on account thereof as liquidated damages, and I hereby demand immediate possession of the real estate in said articles of agreement described, to-wit," describing property in question and signed by plaintiff.

The appellant contends that at the time of the conveyance of the legal title by the vendor to the appellant, of which the appellee had notice and to which she made no objection, the contract of purchase, on which she was then in default, was forfeited and rescinded because of the nonperformance by the appellee of its express conditions. At that time the appellee was in default by reason of not having made the payments due on March 1 and April 1, and had also by filing the contract for record violated the covenant which it contained that it should not be filed for record, and that if it were it should be rendered null and void at the option of the vendor.

The conveyance by the vendor disabled her from performance of the contract, and the appellee might, if she had not herself been in default, have regarded the contract as abandoned and rescinded and might have recovered the payments she had made on the contract. (*Bannister* v. *Read,* 1 Gilm. 92.) The vendor might have exercised her option to declare the contract forfeited, but she elected not to do so. At the same time the deed was executed she also executed an assignment to the appellant of all her right, title and interest in and to the contract, continuing with this language: "and all sums of money now due or to become due upon the same and upon any and all of the items therein mentioned, together with all my right, title and interest

therein. And I hereby authorize the said E. Palma Beaudette Neil in my name or in her own, but at her own cost, to take all necessary and proper legal measures to collect, receive and enjoy the same." The contract provided that the remedy of forfeiture given to the vendor should not be exclusive of any other remedy, but that she should, in case of default or breach, have every other remedy given by the contract and by law or equity, and the right to maintain and prosecute any and every such remedy, contemporaneously or otherwise, with the exercise of the right of forfeiture; and it was further agreed that the covenants and agreements contained in the contract should extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties. By the assignment of the contract the vendor and the appellant recognized it as being in full force, binding upon themselves as well as upon the appellee, and capable of enforcement.

It is well settled that a party to a contract may by parol waive performance of a condition which was inserted in the contract for his benefit, and such waiver will be enforced in an action at law as well as in equity. (*Fuchs* v. *Peterson,* 315 Ill. 370; *Continental Life Ins. Co.* v. *Rogers,* 119 id. 474; *Moses* v. *Loomis,* 156 id. 392; *Vroman* v. *Darrow,* 40 id. 171.) Such waiver is held not to be a change in the terms of the original contract. (*Becker* v. *Becker,* 250 Ill. 117.) The appellee was not only in default on the contract at the time of the conveyance to the appellant, but she continued in default and made new defaults monthly until the settlement of the suit brought by the appellant against her for the possession of the premises. In that settlement the appellant accepted from the appellee all the payments on which she had defaulted, with interest, thus recognizing the contract as continuing in force and waiving all defaults which had occurred before that time. A failure to make a payment on the day fixed by a contract is waived by acceptance after the day, though time is de-

clared to be of the essence of the contract. (*Stow* v. *Russell, supra.*)   In *Fuchs* v. *Peterson, supra,* (an action of forcible entry and detainer, which is, like ejectment, a possessory action,) it was held that the requirement of a written notice of an election by the lessee to exercise an option for a new lease contained in his existing lease was waived where the lessee gave verbal notice to the lessor, who told him that no further notice would be necessary. The payment of the amount due on the first of February, as well as the payment of January 20, waived all previous defaults. Such waiver did not, however, change the contract or waive subsequent defaults. When there is a continuing cause of forfeiture, the acceptance of payment after a breach incurring the forfeiture was originally committed will not preclude an insistence upon the forfeiture if the breach continue after the acceptance or a new breach occur. *Vintaloro* v. *Pappas,* 310 Ill. 115.

The appellant relies upon the failure to make the payment due according to the terms of the contract on March 1, 1925. March 1 fell on Sunday, and the appellee was therefore not required to make the payment until March 2. The payment was not made on the second and was not tendered, but it is insisted that the appellee having sent the money by messenger to the appellant's house and being unable to obtain admittance, was relieved of the forfeiture by that fact. It is argued that the appellant prevented the tender by absenting herself from her house, where she had requested payment to be made, so that it was impossible to tender payment. Where a tender has been prevented by the action of the party to whom the tender should be made, that party cannot take any advantage of the failure. It was a question of fact, therefore, on the evidence, whether the appellant by her action, or the appellee by her want of diligence, was the cause of the failure to make the tender. In this condition of the record the appellant asked the court to give to the jury the following instruction:

319—6

"The court instructs the jury that if you believe from the evidence that the defendant, Marion C. Kennedy, entered into possession of the premises in question under the terms of the contract of purchase offered in evidence by her, and thereafter continued to occupy said premises, that in order that said contract shall be a defense to plaintiff's claim for possession it is necessary that you find from the evidence that the defense has complied with all the terms and conditions thereof and that she has not violated any of such terms or conditions and if you find from the evidence that she has not fully complied with all of the terms and conditions of said contract, and has failed to make any payment required to be made, or has done anything which by the terms of said contract she is prohibited from doing, then unless you also find from the evidence that the plaintiff has waived such breach, you should find the issues herein for the plaintiff."

The court refused to give the instruction but modified it and gave it as follows:

"The court instructs the jury that if you believe from the evidence that the defendant, Marion C. Kennedy, entered into possession of the premises in question under the terms of the contract of purchase offered in evidence by her, and thereafter continued to occupy said premises, that in order that said contract shall be a defense to plaintiff's claim for possession, it is necessary that you find from the evidence that the defendant has *substantially* complied with the terms and conditions thereof, and that she has not violated any of such terms or conditions, and if you find from the evidence that she has not *substantially* then complied with the terms and conditions of said contract, and has failed to make or tender any payment required to be made, then unless you find from the evidence that the plaintiff has waived such breach, you should find the issues herein for the plaintiff."

The modification should not have been made telling the jury, in effect, that a substantial compliance with the terms and conditions of the contract was sufficient, without any instruction as to what would constitute a substantial compliance but leaving the jurors to exercise their own judgment on that question without any rule to guide them. The jurors may have thought that mailing a certified check for the amount was a substantial compliance with the requirement to pay the appellant at her house. They may have thought that sending the money by a messenger who called at the house twice and was unable to get in the house to make the payment was a substantial compliance with the contract. The instruction as given furnished the jury no rule by which they could determine what was a substantial compliance with the terms and conditions of the contract. This was the vital point in the case and was closely contested.

This was an action of ejectment, in which the legal title must prevail and equitable defenses are not available. Equity will in proper cases relieve against forfeitures, where the facts justify equitable intervention, by enjoining the prosecution of an ejectment suit. Possession by the defendant under a contract of purchase where there is no default is a legal defense to an action by the vendor to recover possession, and proof of waiver by parol of a covenant by the party in whose favor it was inserted in a contract may be shown in an action at law.

For the error in giving the instruction mentioned the judgment is reversed and the cause remanded to the circuit court. *Reversed and remanded.*

Mr. JUSTICE FARMER, dissenting.