186

(No. 4475-

EXCHANGE NATIONAL BANK OF CHICAGO, AS TRUSTEE UNDER TRUST NO. 1004, AND NOT INDIVIDUALLY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 8, 1952.*

FISHER, HASSEN AND FISHER, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Exchange National Bank of Chicago, as Trustee under Trust No. 1004, and not individually, hereinafter referred to as Exchange, filed its complaint, alleging that respondent owes it rent totalling $3,900.00 for the months of July, August, September and October, 1951, for a building located at 4814-18 West Belmont Avenue, Chicago, Illinois.

On June 13, 1946, as Lessor, Pioneer Trust and Savings Bank, as Trustee under Trust No. 9299, hereinafter referred to as Pioneer, entered into a lease with respondent, acting through the Director of Labor, covering the above described premises. The lease commenced on July 1, 1946 and ended June 30, 1950, and called for a total rental of $46,800.00, payable in 48 equal monthly installments of $975.00.

On January 17, 1947, Exchange succeeded to the interests of Pioneer by virtue of the transfer of the premises and the lease to Exchange as Trustee under Trust No. 1004.

The habendum clause of the lease reads as follows:

"The lessee to have and to hold the said premises for the term of forty-eight (48) months, beginning on the first day of July, 1946, and ending on the 30th day of June, 1950, unless the term hereby demised shall be sooner terminated as hereinafter provided."

The lease also contained a termination clause, which reads as follows:

"It is further mutually stipulated and agreed between the lessor and the lessee that the lessee only may terminate this lease on the last day of any calendar month of the term hereof by giving ninety (90) days' notice in writing to the other party of such intention to terminate the lease. Provided further that notice shall be computed from the date of mailing."

The lease also contained a renewal clause, which reads as follows:

"(6) The lessor covenants with the lessee that at the expiration of said lease the lessor will renew the lease for a further period of two years, or any portion of the two year period, upon the same terms and conditions, provided said lessee shall give thirty (30) days' notice in writing to said lessor of its intention to take said two (2) years' renewal of said lease. Provided further that notice shall be computed from the date of mailing."

On May 9, 1950, respondent notified Exchange in writing that it intended "to renew said lease for a term of two (2) years, beginning July 1, 1950, for the same consideration and on the same terms as provided in the aforesaid lease, under the provisions of the renewal clause thereof."

On March 13, 1951, respondent notified Exchange in writing that it was terminating the lease on June 30, 1951.

Respondent did not occupy or use any portion of the premises in question during the months of July, August, September and October, 1951.

Respondent has filed a motion to dismiss predicated, *inter alia*, on the ground that it had full right to terminate the lease by giving the ninety days' notice provided for in the termination clause quoted above.

The older cases in this State drew a sharp distinction between the renewal and extension of a lease.

If the lease provided for an extension, no new lease was required, if it was elected to exercise a right of extension given in the lease. However, in the case of a renewal, it was definitely held that a covenant to renew was not a present demise, and if it was elected to renew, a new lease would be required. *Hunter* vs. *Silvers*, 15 Ill. 174; *U. S. Brewing Co.* vs. *Wolf*, 181 Ill. App. 509; *Sutherland* vs. *Goodnow*, 108 Ill. 528; *Eichorn* vs. *Peterson*, 16 Ill. App. 601; *Fuchs* vs. *Peterson*, 315 Ill. 370. The cases cited do not draw any distinctions between options or covenants to renew, or the privilege of renewing.

However, the Forcible Entry and Detainer Act of 1874, as amended, Ill. Rev. Stat., 1951, Chap. 57, Secs. 1-22, has rendered academic the refusal or failure of a lessor to execute a new lease, which the renewal clause requires, since the possession of a lessee in such situation is *with right,* and the lease is for all practical purposes continued for the additional period provided in the renewal clause. *Eichorn* vs. *Peterson*, 16 Ill. App. 601; *Fuchs* vs. *Peterson*, 315 Ill. 370. And, insofar as the State is concerned, the constitutional inhibition against making it a defendant in an action at law, or a suit in equity (Ill. Const., Art. IV, Sec. 26) is a complete bar to either a blameless or derelict lessor.

Furthermore, in case of renewal on the same terms and conditions as the original lease, the new lease should contain all of the original provisions except a renewal clause. *Meyer* vs. *Surkin*, 262 Ill. App. 83. This rule removes the sting of a possible perpetuity.

In the case before us, a new lease was never executed after respondent gave Exchange written notice of its intention to renew. In the final analysis, this omission, however, resulted in a renewal for not more than two years on the same terms and conditions as

provided in the original lease, and continued in effect the termination clause quoted above. *Fuchs* vs. *Peterson*, 315 Ill. 370; *Hindu Incense Mfg. Co.* vs. *MacKenzie*, 403 Ill. 390.

Although the last cited case, in effect, puts extensions and renewals of leases in the same legal niche, it does categorically hold that an option to renew a lease "on the same terms and conditions", when exercised, carried with it an option to purchase the premises during the new term, and the language used by Justice Thompson is certainly broad enough to support a holding by us that respondent's election to renew the lease in question "on the same terms and conditions" operated to renew the entire contract, including the termination clause.

Therefore, respondent's written notice of March 13, 1951, that it was terminating the lease on June 30, 1951, having been given more than ninety days prior to the termination date set forth therein, operated to end the lease on June 30, 1951, and respondent is not liable to Exchange for the rent claimed in the complaint.

The other grounds of respondent's motion to dismiss have been shelved, not because of lack of importance, but rather because, if decided in favor of respondent, they would not be decisive of the ultimate issues in the case.

The motion of respondent to dismiss the complaint is allowed, and the complaint is dismissed.