Nathan YORKE, Trustee in Bankruptcy for Excello Printing Equipment Company, Plaintiff-Appellant,

v.

GANE BROTHERS & LANE, INC., Defendant-Appellee.

No. 13362.

United States Court of Appeals Seventh Circuit.

Dec. 28, 1961.

Rehearing Denied Feb. 23, 1962.

**413**

Mark S. Lieberman, Charles D. Stein, Chicago, Ill., for plaintiff-appellant.

Norman H. Nachman, Gottlieb & Schwartz, Chicago, Ill., of counsel.

Milton Mallin, Irving H. Goldberg, James J. Doheny, Chicago, Ill., for defendant-appellee.

Goldberg, Weigle, Mallin & Rivkin, Chicago, Ill., of counsel.

Before HASTINGS, Chief Judge, SCHNACKENBERG and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This action was brought by plaintiff, Excello Printing Equipment Company, to recover damages occasioned by an alleged breach of contract by defendant, Gane Brothers and Lane, Incorporated. Trial was had on the question of liability alone and the jury rendered a verdict for plaintiff. On defendant's motion the District Court entered judgment for defendant n. o. v. From this judgment plaintiff appeals.

Defendant is an importer of German cutting machines, known as Polar cutters, used in the printing and bookbinding trades and plaintiff, prior to bankruptcy, was a distributor of new and used printing equipment. The contract in question was executed September 20, 1954. By its terms, plaintiff was granted a five year dealership for the cutter in the States of Indiana, Illinois, Michigan, and Wisconsin. Defendant promised that, "other than ourselves, we will have no other dealers in these four states." This "exclusive" dealership was made terminable by defendant on thirty days' notice unless plaintiff purchased a minimum of twenty-four machines in 1955, twelve in 1956, and six in each of the remaining years. Plaintiff was to pay ten per cent of the purchase price on the placing of the orders, fifteen per cent when the machines were loaded in Germany and the balance on delivery in the United States.

Plaintiff contends defendant repeatedly breached the contract by selling cutters directly to its customers while it had unfilled orders from plaintiff; that defendant waived any breach with respect to the schedule of payments by accepting payments when made; that the existence of these waivers was a question of fact for the jury; and that plaintiff's withholding of payment for the last cutter was security for performance by defendant which did not justify the latter's repudiation of the contract.

Defendant's first position is that the contract is void for lack of mutuality. Then, assuming a valid contract, defendant denies it failed to give preference to plaintiff's orders and maintains the acceptance of payments after the due date did not modify the contract; further, that it expressly notified plaintiff it was relying on the contract provisions; that after this notice, plaintiff again breached and as a result, defendant rescinded.

Defendant argues that the agreement falls into the class characterized by Professor Corbin as one in which "one party sometimes promises to supply another, on specified terms with all

the goods or services that the other may order from time to time, within a stated period", 1 Corbin, Contracts § 157, at 228; that in such a case, the contract is void for lack of mutuality since the offeree is not bound to order any goods or services. But this is not the situation here. There are mutual promises in this contract. Defendant promised to grant plaintiff the exclusive right to obtain cutters for sale in four named states, even if the dealership is not exclusive as to defendant. In return, plaintiff promised to order a minimum number of cutters per year. The agreement had both consideration and mutuality of obligation. It was a binding contract.

■ We now come to the second question, whether plaintiff may recover for a breach by defendant or is estopped from such recovery because of its own breaches. An inspection of the dates of payment and invoice dates reveals consistent tardiness in payment by plaintiff.[1] Plaintiff does not deny this but argues these breaches were waived by acceptance of subsequent orders. Defendant's position is that while it has waived such default with respect to prior breaches it did not do so with respect to subsequent breaches. In other words, Gane contends that when it acted to terminate the agreement, it was because of a new and unwaived breach committed by Excello after notice that Gane would insist on performance in strict accordance with the terms of the contract.

On March 5, 1956, Gane delivered a cutter to Excello. Payment for this machine was not made and on May 22, Gane wrote that in the future deliveries would be made only in accordance with the contract provisions. Thereafter, on July 23, Gane received payment for the cutter delivered March 5. The next day another machine was delivered to Excello for which full payment was due July 30. When payment was not received for this cutter on October 30, Gane wrote that unless payment was received within ten days the agreement would be rescinded. Payment was never made. It is apparent there was no waiver of payment with respect to this last machine. Regardless of past indulgences, Gane had given notice that it was relying on the terms of the contract in future dealings. This action was proper under the doctrine expounded in Neil v. Kennedy, 319 Ill. 75, 149 N.E. 775, since Gane had continually complained that the payments, while accepted, were in violation of the provisions of the contract and compliance would be expected in the future. Defendant did not modify the payment schedule by accepting late payments. On the evidence, it is apparent as a matter of law plaintiff breached the contract.

■ Both before defendant's announced recision and at trial, plaintiff sought to justify its refusal to pay for the last cutter on the ground that this payment was rightly withheld to offset claims arising from a breach by defendant. We reject this contention on the authority of Harber Brothers Co. v. Moffat Cycle Co., 151 Ill. 84, 37 N.E. 676, 680. In disposing of a contention similar to that posed by plaintiff, the Illinois Supreme Court stated the seller "was not bound to go on delivering, without receiving a cent in payment, until appellant's [purchaser's] claim for damages, known to be contested, should be adjusted to its satisfaction."

The record clearly shows that at the times at which cutters were delivered to others, Excello's orders were unacceptable in that they failed to state necessary specifications, were not accompanied by the requisite down payment, were not formally executed, or were made at a time when payment was still due on prior orders. In view of these circumstances, we are satisfied the record discloses no actionable breach by defendant.

1. 

| Invoice Date | Payment Date |
|---|---|
| April 22, 1955 | May 5, 1955 |
| October 11, 1955 | October 18, 1955 |
| October 26, 1955 | December 2, 1955 |
| December 13, 1955 | January 16, 1956 |
| December 13, 1955 | February 22, 1956 |
| December 13, 1955 | January 23, 1956 |
| March 5, 1956 | July 23, 1956 |

The most that could be said for plaintiff's case is that the proofs show both parties were in default from time to time and that such defaults were waived on each side up until delivery of the last cutter. Payment for this cutter was therefore withheld without legal excuse and plaintiff as a matter of law was not entitled to recover. Harber Brothers Co. v. Moffat Cycle Co., supra.

Affirmed.