AMBROSE DIKEMAN *et al.*

*v.*

THE SUNDAY CREEK COAL COMPANY.

*Opinion filed February 19, 1900—Rehearing denied April 11, 1900.*

1. LEASES—*when time for giving notice to renew lease is material.* The time within which notice by the lessee to renew his lease must be given is material, where the option is purely a privilege given to the lessee without any corresponding right or privilege on the part of the lessor.

2. EQUITY—*if time is of the essence of contract equity must so regard it.* If the parties to a contract intend that the time for exercising an option shall be of the essence of the contract, equity cannot relieve against the mere negligence of one party in failing to exercise the option within the stipulated time.

3. SAME—*equity must regard time as material if right and justice require it.* Equity must regard the time of performance expressed in a contract as material if right and justice demand it in the individual case, even though particular words declaring time to be of the essence of the contract are not used.

*Sunday Creek Coal Co.* v. *Dikeman,* 84 Ill. App. 379, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Fulton county; the Hon. JOHN A. GRAY, Judge, presiding.

CHIPERFIELD, GRANT & CHIPERFIELD, for appellants:

The time fixed for the performance is considered of the essence of the contract in equity, where parties have expressly so treated it or it necessarily follows from the nature and circumstances of the contract. If it clearly appears to be the intention of the parties to the agreement that time shall be deemed to be the essence of the contract it must be so considered in equity. *Stow* v. *Russell,* 36 Ill. 18; *Smith* v. *Brown,* 10 id. 309; *Steele* v. *Biggs,* 22 id. 654; *Cheney* v. *Libby,* 134 U. S. 68; *Kemp* v. *Humphries,* 13 Ill. 573; *Oakdem* v. *Pike,* 34 L. J. Ch. 820; *Seyton* v. *Slade,* 7 Ves. 265; *Parkin* v. *Thorold,* 16 Beav. 59; *Quinn* v. *Roth,* 37 Conn. 16; *Baldwin* v. *Van Vorst,* 10 N. J. Eq. 577; *Benedict* v. *Lynch,* 1 Johns. Ch. 370; *Railroad Co.* v. *Reynolds,* 11 Neb. 186; *Railroad Co.* v. *Brickley,* 21 Kan. 275.

Time may be made of the essence of the contract by the express stipulation of the parties, or, without such express agreement, by the nature of the contract itself or of the circumstances under which it was made. *Sneed* v. *Wiggins,* 3 Ga. 94; *Tyler* v. *McCardle,* 17 Miss. 230; *Grigg* v. *Landis,* 19 N. J. Eq. 350; *Liddell* v. *Simms,* 17 Miss. 596; *Hicks* v. *Aylsworth,* 13 R. I. 562; *Kirby* v. *Harrison,* 2 Ohio St. 326.

Parties have the right to make their own contracts, making the time of their performance material, so that a failure to perform at the time will avoid the agreement. *Kemp* v. *Humphries,* 13 Ill. 573.

E. S. CUMMINGS, and KINSEY THOMAS, for appellee:

A court of equity will relieve against and enforce specific performance, notwithstanding a failure to keep the dates assigned by the contract either for the comple-

tion or for the steps toward the completion of it, and do justice between the parties, if there is nothing in the express stipulations of the parties, the nature of the property or the surrounding circumstances which would make it inequitable to interfere with and modify the legal right. Bispham's Eq. (2d ed.) par. 391; *Bomier* v. *Caldwell,* 8 Mich. 473; *Andrews* v. *Sullivan,* 2 Gilm. 327; *Morgan* v. *Herrick,* 21 Ill. 495; Clark on Contracts, sec. 251, p. 596; *Garretson* v. *Vanloon,* 3 Greene, (Iowa,) 128; *Maltby* v. *Austin,* 65 Wis. 527.

A lease with a covenant for an extension for an additional term is a lease *de futuro,* requiring only the lapse of time and the election of the lessee to become a lease *in præsenti. Kramer* v. *Cook,* 73 Mass. 552; *Roulet* v. *Cook,* 44 N. H. 512; *Delashman* v. *Berry,* 20 Mich. 298.

The time covenanted in a lease within which the same may be renewed is not of the essence of the contract. In the absence of gross *laches* or willful neglect, and where a party has acted fairly and no injury has been done to the other party by a failure to perform within the time prescribed, equity will grant relief. *Myer* v. *Silljacks,* 58 Md. 319; *Reed* v. *St. John,* 2 Daly, 217; *Lundin* v. *Schoeffel,* 167 Mass. 465; *Shaw* v. *Livermore,* 2 Iowa, 341; *Insurance and Trust Co.* v. *Rector,* 12 Abb. N. C. 50; *Lennon* v. *Napper,* 2 Sch. & Lef. 681; *Young* v. *Daniels,* 2 Iowa, 126; *Hubble* v. *VonSchoening,* 49 N. Y. 326.

The contract itself and the attendant circumstances must make manifest the intention to make time the essence of the contract. *Morgan* v. *Herrick,* 21 Ill. 495.

Mr. Chief Justice Cartwright delivered the opinion of the court:

On June 16, 1888, a lease was executed by S. E. Dikeman, lessor, and J. M. Walter and J. F. McVean, lessees, of the right to remove coal from certain lands in Fulton county for a term of ten years, in consideration whereof said lessees agreed to pay a certain sum per ton for lump

coal and $10 for the use of certain surface land, and to conduct the mining operations in good and workmanlike manner and leave pillars for the proper support of the mine. The lease contained the following provision: "It being further agreed that the terms of this lease may be extended an additional ten (10) years, at the option of the said second parties, by giving said first parties notice in writing twenty (20) days previous to the expiration of the first term herein named." This lease came by various transfers and assignments to the Sunday Creek Coal Company, appellee. S. E. Dikeman died testate, devising a life estate in the property to his widow, Susan Dikeman, for life, with remainder to Ambrose Dikeman and Flora Green. The widow, Susan Dikeman, and Ambrose Dikeman, were appointed executors, and said parties are appellants. The mine was being operated under the lease and it was in the charge of J. B. Cavanaugh, agent of appellee in Chicago, who was instructed by the officers of appellee to extend the lease. He made a note on his office diary, over the date of May 28, 1898, to write a letter of that date renewing the lease. He was called away on May 24, and expected to be gone a day or two, but was detained in the location of a dock and storage plant at Waukegan and did not return until June 2. Upon his return he wrote a letter, dating it back to May 28, giving notice of a renewal of the lease, and mailed it to the estate of S. E. Dikeman, care of Ambrose Dikeman, at Farmington, Illinois. The notice was received by Ambrose Dikeman on June 3, and he acknowledged its receipt but stated that it was not according to the lease. On July 2 appellants demanded possession of the premises and afterward commenced a suit in forcible detainer for such possession. Appellants recovered before the justice and appellee appealed to the circuit court, and thereupon filed the bill in this case to enjoin the prosecution of the suit and to enforce a specific performance of the agreement for an extension. The bill alleged that

the complainant, in reliance upon its right to have the lease extended, had invested large capital and made contracts to sell and deliver coal. It stated the circumstances with regard to the renewal and prayed that the lease might be declared to be extended for an additional term of ten years. The defendants answered, denying that improvements were made on the strength of the lease, alleging that complainant is a large corporation operating many mines, of which this is one of the smallest, and that it has ample resources for filling all orders, and averring that the operation of the mine had been improper and negligent, so as to cause the surface of a large portion of the lands to sink and to destroy their value for farming. There was a hearing and the bill was dismissed. On appeal to the Appellate Court the decree was reversed and the cause remanded, with directions to enter a decree granting the relief prayed for.

The contract sought to be enforced gave an option or privilege to the lessee to extend the lease for a new term of ten years by giving notice of an election to do so twenty days before the termination of the lease. This was the sole condition upon which the option rested, and it was not complied with through the negligence of the lessee. The question here is, whether a court of equity can relieve against the consequences of such negligence. In a court of law the time for the performance of an act is as essential as any other part of the contract. The time passed, and, not having been waived, the option was lost, so that there could be no defense made in the action at law. Equity maintains a somewhat different rule,— that time is not necessarily of the essence of a contract; and if it is not of the essence of an agreement, and a party has acted in good faith in a meritorious cause, equity may grant relief. Parties have a right, however, to make their own contracts, and if they intend that time shall be of the essence of the contract, either by the express form of their agreement or because the subject mat-

ter makes it so, a court of equity will treat it as of the essence and hold the parties to their agreement. A court of equity is bound by a contract as the parties have made it, and has no authority to substitute for it another and different agreement, and particular language is not necessary to make the time of performance essential, if right and justice in the individual case demand it. An agreement must be complied with as made unless some stipulation is waived or there is a just excuse for non-compliance. (*Smith* v. *Brown,* 5 Gilm. 309; *Kemp* v. *Humphreys,* 13 Ill. 573; *Milnor* v. *Willard,* 34 id. 38; *Stow* v. *Russell,* 36 id. 18.) In this case the only stipulation of the parties was as to time. The agreement was purely a privilege given to the lessee without any corresponding right or privilege of the lessor, and the only stipulation was that the right should be exercised at a certain time. It is plain that the parties intended that notice should be given by the time stipulated as the condition of a renewal of the lease, and it was their plain intention that time should be material. The only thing stipulated for was a notice by a certain time. The lease was for ten years and no longer, and it expired by its own terms unless renewed by a fixed time. It must be true that the time for the performance of this act was regarded as material. There was no fraud, accident or mistake on account of which complainant neglected to avail itself of the option, and it assigns no explanation or excuse for the delay except the negligence of its own agent. It lost its legal right by failing to comply with the condition precedent, and we do not see how equity can relieve against mere forgetfulness.

It is not necessary to consider the evidence on the question of improper mining and insufficient supports.

The judgment of the Appellate Court is reversed and the decree of the circuit court affirmed.

*Judgment reversed.*