**Richard E. Peterson, Plaintiff-Appellant, v. United States Building Maintenance Co., Inc., an Illinois Corporation, Defendant-Appellee.**

Gen. No. 68–11.

Second Judicial District.

July 22, 1968.

Hall, Meyer, Fisher, Holmberg, Snook & May, of Waukegan, for appellant.

Diver, Diver, Ridge & Brydges, of Waukegan, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

This is an appeal from the denial of possession to plaintiff, as lessor, in a forcible detainer action.

A two-year written lease had been entered into initially on June 1, 1965, providing for monthly rental of $220, and containing an option for an additional three-year term, required to be exercised by written notice on or before March 1, 1967, with rent to be increased to $242 monthly.

In April of 1966 the plaintiff agreed verbally that an addition to the leased premises would be constructed by lessor and the rent would be $300 per month with a ten percent increase effective June 1, 1967. Plaintiff testified that the agreement was then a verbal lease on a month-to-month basis. However, defendant testified that the verbal agreement was to add $80 a month to the monthly rental provided in the written lease.

On April 12, 1967, plaintiff sent the following letter to defendant:

> "Just a note to bring to your attention, according to the terms of our lease on the property located at 3009 Central Avenue, Waukegan, there is an increase in the rent effective May 1st, 1967.
>
> "The terms read: 10% increase or $30.00 making a total of $330.00 due May 1st.
>
> "Trusting our relation will continue to remain as it has in the past, I remain."

Defendant testified that he talked to plaintiff after receiving the above letter and told him the "May 1" date must have been a mistake since he did not move in until June 1, 1965; and that plaintiff admitted, "there must have been a mistake." Plaintiff testified that he did not have a copy of the written lease before him when he wrote the letter in question.

Some time in the first week of May, defendant sent a letter to plaintiff purporting to exercise the option under the original lease, predated to March 1, 1967. De-

fendant testified that he had forgotten about the notice requirement until reminded by his secretary some time in the latter part of April.

On May 29, 1967, plaintiff wrote to defendant that since he had failed to exercise the option in time, his term, commencing June 1, 1967, would be on a month-to-month basis and suggesting defendant contact him as to the rental. Apparently defendant did not contact plaintiff in the interval and on May 31 plaintiff wrote to defendant advising him that the rent would be $500 a month commencing June 1, and further advising that his "month-to-month" tenancy would terminate on August 31. On June 2 plaintiff served a 5-day notice for failure to pay the $500 on June 1 and commenced suit on June 14. Defendant tendered the amount of $330 for the June rent.

The court found that the addition to the premises was agreed to be covered under the written lease with an increase in the rent to $300 per month and an additional increase to $330 per month commencing June 1, 1967; and that by the letter of April 12, 1967, plaintiff had waived the notice requirement for the option to renew. The court further held that the 5-day notice was defective in that it demanded $500 when only $330 was due and tendered, and denied plaintiff's right to possession.

Plaintiff contends that the letter of April 12, 1967, was not a waiver of the notice requirement because plaintiff was not considering a written lease to be in effect after the addition was built. Somewhat inconsistently plaintiff further argues that defendant's negligence did not excuse his failure to exercise the option under the *written* agreement.

We are of the opinion that the judgment below is supported by the law and the evidence and therefore affirm.

■ ■ The facts in the record adequately support the findings of the trial court. There was testimony that the parties had agreed that the building addition was to be covered by the written lease. The reliance by plaintiff on the notice requirement for the option to renew which could only be found in the written lease supports the finding by indicating that plaintiff, too, did not consider the written lease as orally revoked, but rather as changed verbally as to the rent for the additional construction. The use of the phrase, "The terms *read*" in the April 12, 1967 letter, is further confirmation. The reference to the 10% increase in rental in the letter is a reference to the terms of the option provision of the written lease. That construction which will support the findings of the trial court will be followed when it is not palpably against the manifest weight of the evidence. Schulenburg v. Signatrol, Inc., 37 Ill2d 352, 356, 226 NE2d 624 (1967); Lubin v. Goldblatt Bros., Inc., 37 Ill App2d 437, 441, 186 NE2d 64 (1962).

■ ■ The finding that the letter of April 12 also was a waiver of the notice provision under the written lease as verbally amended, referenced to other terms, is also supported in the record not only by its language in terms of a continuing relationship but by the acknowledgment by plaintiff, according to testimony of defendant which the trial court chose to believe, that the parties discussed the increased rental to be effective as of June 1, 1967, rather than May 1, as plaintiff had mistakenly stated in the letter. A party to a written contract may by parol waive performance of a condition inserted in the contract for his benefit. Fuchs v. Peterson, 315 Ill 370, 375, 146 NE 556 (1925). The subsequent sending of a notice to exercise the option does not negate the effect of the waiver, which may be made unilaterally and need not be relied upon by another to

be effective, as distinguished from the doctrine of estoppel relied upon by plaintiff. Adam v. Columbian Nat. Life Ins. Co., 218 Ill App 54, 65 (1920).

The necessary result of the trial court's opinion is that defendant has possession of the premises for a three-year period which commenced June 1, 1967, under the option contained in the written lease with the increased rent and additional space established by the verbal modification.

Affirmed.

ABRAHAMSON and MORAN, JJ., concur.