PROVIDENCE INSURANCE COMPANY, Plaintiff-Appellant, *v.* LA SALLE NATIONAL BANK, Trustee, Defendant-Appellee—(The Neal and Bess Postraw Trust *et al.*, Intervenors).

First District (1st Division)   No. 82—2897

Opinion filed October 3, 1983.

Rudnick & Wolfe, of Chicago (John K. Kallman, of counsel), for appellant.

Allen I. Brown, Ltd., of Chicago (Allen I. Brown, of counsel), for appellee.

JUSTICE GOLDBERG delivered the opinion of the court:

This litigation commenced on July 23, 1976. On November 3, 1982, an order for summary judgment was entered. Since the inception of the case, numerous changes have been made in the identity of the interested parties by virtue of change of name and transfers of interest. We will refer to the present parties as hereinafter designated with the understanding that certain of the acts ascribed to them may have been performed by their predecessors in interest. The case involves the legal propriety of the summary judgment which permitted the exercise of an option to lease a parcel of land contiguous to the main parcel covered by a lease between the parties.

The factual situation commenced with the execution of the lease which included the option. The lease is dated July 27, 1972. The present lessor is Providence Insurance Company (plaintiff). The present lessee is La Salle National Bank, a national banking association, as trustee under Trust No. 44300 (defendant). An interest in the property in question is also claimed by the Neal and Bess Postraw Trust, the Donald G. Levine Trust, and Donald G. Levine (intervenors).

Plaintiff and defendant each moved for summary judgment. The intervenors stipulated to be bound by orders of the trial court upon said motions. After hearing oral argument by counsel for all parties, the trial court entered a summary judgment which directed specific performance of the option in favor of defendant and against plaintiff. The trial court also found that the interests of the plaintiff and the intervenors in the option parcel were subject and subordinate to the rights of defendant in the real estate. Plaintiff has appealed.

The basic lease term was 35 years. The option clause contemplated a lease of the adjacent parcel for a like term. To exercise the option, defendant was required to notify plaintiff in writing not later than two years from the date of the lease, July 27, 1972. Thus the last date for exercise of the option was July 27, 1974.

On Thursday, July 25, 1974, defendant mailed to plaintiff a letter exercising the option. The letter was properly addressed. Proper postage for certified mail, return receipt requested, was appended. The letter was placed in the mail chute of the building containing the Chicago office of the attorney for defendant. The mailing took place before the last scheduled mail pickup of the day. The office building from which the letter was mailed is less than 10 miles from the let-

ter's destination; a post office box in a suburb of Chicago. Thursday, July 25, 1974, was two days before the final day of the option term, which was Saturday, July 27, 1974.

There is an affidavit in the record made by an employee of the United States Postal Service. Affiant states that on Monday, July 29, 1974, he delivered this certified letter and obtained a signature of acknowledgment from an employee of plaintiff. This was done at the post office. Monday, July 29, 1974, was the first business day after expiration of the option. However, the record does not show, and the affidavit does not indicate, whether or not this letter was actually deposited in plaintiff's post office box on Monday, July 29, 1974, or on a previous date.

Plaintiff rejected this exercise of the option as untimely. Plaintiff relied upon a clause in the lease which provided that service of any written notice would be deemed complete five days after mailing, or upon receipt, whichever was earlier. Since the notice was actually received on July 29, 1974, which was the fourth day following mailing, the date of receipt controlled. A separate section of the lease provided that time was of the essence of the lease.

The general rule governing cases similar to the instant one was established in *Dikeman v. Sunday Creek Coal Co.* (1900), 184 Ill. 546, 56 N.E. 864. There, the tenants entered into a 10-year lease allowing them to remove coal from the lessor's land. The lease contained an option to renew for an additional 10-year term. To exercise the option, the tenants were required to notify the lessors in writing at least 20 days before the expiration of the original 10-year term. Solely through their own carelessness, the tenants failed to notify the lessors until 13 days before the end of the term. Though their notice was thus one full week late, the tenants sought specific performance of the option. The trial court denied relief, the appellate court reversed, and the supreme court reversed the appellate court. The supreme court held the negligence of the lessee and the delay of seven days required rejection of its claim.

The supreme court stated:

"[The twenty-day written notice] was the sole condition upon which the option rested, and it was not complied with through the negligence of the lessee. The question here is, whether a court of equity can relieve against the consequences of such negligence. *** A court of equity is bound by a contract as the parties have made it, and has no authority to substitute for it another and different agreement, and particular language is not necessary to make the time of performance essential, if

right and justice in the individual case demand it. An agreement must be complied with as made *unless* some stipulation is waived *or there is just excuse for non-compliance.*" (Emphasis added.) 184 Ill. 546, 550-51.

Plaintiff in the instant case asserts *Dikeman* stands for the proposition that, where time is of the essence of a lease, all conditions precedent to exercise of an option must be strictly complied with and a court of equity can never excuse any delay.

This type of harsh application of *Dikeman* was specifically rejected by this court in *Linn Corp. v. La Salle National Bank* (1981), 98 Ill. App. 3d 480, 424 N.E.2d 676. There, the lessees were required to give a one-year written notice of their intention to exercise an option to renew. Although the lessees alleged they gave timely oral notice, they admitted their written notice was three months late. This court pointed out that while the failure to provide timely written notice was not intentional, it was "due to their own carelessness." (98 Ill. App. 3d 480, 484.) Yet the court stated it was also contended, precisely as in the case at bar, that the failure to give written notice on time did not cause any substantial hardship to the defendants therein. The court ruled: "Based on these allegations, and under the particular circumstances of this case, we think that the trial court exercising its equitable powers could have excused strict compliance with the one-year written notice condition of the option ***." (98 Ill. App. 3d 480, 484.) Thus, strict performance of conditions precedent may be excused under proper circumstances even where the failure to provide the stipulated notice is due solely to the negligence of the lessee.

In the instant case, the argument in favor of excusing the delay of the lessee is even stronger than in *Linn*. Here, the written notice was mailed on Thursday, July 25, 1974. The last day for exercise of the option fell on Saturday, July 27, 1974. The notice was actually received by plaintiff on Monday, July 29, 1974, when plaintiff picked it up from plaintiff's post office box. There is no indication that this delay of one business day in and of itself caused plaintiff any undue hardship.

Moreover, in the instant case there is no showing that the delay was the sole result of any carelessness or negligence on the part of defendant. As above shown, the record does not show the date on which the letter was deposited in plaintiff's post office box. It indicates only that the letter was mailed on Thursday, July 25, and was picked up at the post office by plaintiff on Monday, July 29.

In addition, *Dikeman* suggests an exception may be made where circumstances indicate a "just excuse for non-compliance" (*Dikeman*

724

*v. Sunday Creek Coal Co.* (1900), 184 Ill. 546, 551). The facts in the instant case demonstrate that the delay of one business day was at least in part beyond the defendant's control, and did not harm or affect plaintiff in any manner. Consequently the trial court properly found the insignificant delay to be *de minimus.*

This conclusion is also suggested by analogy to the pertinent statute (Ill. Rev. Stat. 1981, ch. 1, par. 1012), which is deemed incorporated into all contracts entered into during its existence as a matter of law. (See *Board of Trustees v. Department of Insurance* (1982), 109 Ill. App. 3d 919, 441 N.E.2d 107; *Polytechnical Consultants v. Lind Plastic Products, Inc.* (1980), 82 Ill. App. 3d 472, 474, 402 N.E.2d 869.) This statute expressly provides that when the last day for performance of an act provided by law falls on a Saturday, Sunday or holiday, such day shall be excluded from the computation of time, as well as any succeeding day which is also a Saturday, Sunday or holiday.

For these reasons the orders appealed from are affirmed.

Orders affirmed.

McGLOON and CAMPBELL, JJ., concur.