LA SALLE NATIONAL BANK, Trustee, Plaintiff-Appellee, *v.* ROBERT L. GRAHAM, Defendant-Appellant.

Fifth District   No. 83—46

Opinion filed November 8, 1983.

KARNS, J., specially concurring.

Terry H. Gamber, of Mt. Vernon, for appellant.

Howard & Howard, of Mt. Vernon (G. W. Howard III, of counsel), for appellee.

JUSTICE JONES delivered the opinion of the court:

The defendant, Robert L. Graham, appeals from the trial court's grant of summary judgment in favor of the plaintiff, La Salle National Bank, in the plaintiff's forcible entry and detainer action against the defendant. The defendant is lessee, and the plaintiff lessor, of certain premises in the shopping center known as Times Square Mall in Mt. Vernon, Illinois. The sole issue upon appeal is whether summary judgment was proper where the record showed that the defendant-lessee failed to give written notice of his election to renew his lease within the time specified in the parties' lease agreement. We affirm.

The lease in question was for a period of five years, beginning Oc-

tober 18, 1977, and ending October 18, 1982. By terms of the parties' lease agreement, the defendant-lessee was given three options to renew the primary term of the lease for a period of five years each. The lease agreement provided:

"Such privilege and option shall be exercised by the tenant by giving written notice to the landlord and mailing same to the landlord *** at least six (6) months prior to expiration of any term or extended term of this lease."

The defendant alleged, in his counteraffidavit filed in response to the plaintiff's motion for summary judgment, that prior to six months before the expiration of the original lease, he orally notified the plaintiff's agent of his election to exercise the renewal option contained in the lease. At that time, the defendant stated, he believed that his oral notification of his election would be conveyed to the plaintiff's home office and that the plaintiff would then provide the defendant with a written document to sign, stating his election to exercise his renewal option in writing. When the defendant did not receive any communication from the plaintiff, he gave the plaintiff written notice of his intent in a letter dated May 18, 1982. The plaintiff responded to these allegations by denying that the defendant orally notified the plaintiff's agent of his election to renew his lease prior to April 18, 1982.

A hearing was held on the plaintiff's motion for summary judgment, and the court, upon consideration of the pleadings and affidavits, granted the plaintiff's motion for summary judgment in the forcible entry and detainer action.

On appeal from this judgment, the defendant contends that summary judgment was improper where a material issue of fact existed as to whether the defendant exercised his option to renew by giving proper written notice to the plaintiff. We find no basis for this contention as it is undisputed that the defendant did not notify the plaintiff in writing of his election to renew until May 18, 1982, one month after the time specified in the lease.

■■■ As a general rule in Illinois, an option to renew or extend a lease must be exercised in accordance with the agreement of the parties. (*American National Bank & Trust Co. v. Lembessis* (1969), 116 Ill. App. 2d 5, 253 N.E.2d 126; see 24 Ill. L. & Prac. *Landlord and Tenant* sec. 123 (1980).) Where the only condition of such a right to renew is that it be exercised within the time specified by the parties, a court will strictly construe the time requirement and enforce the agreement of the parties. *Dikeman v. Sunday Creek Coal Co.* (1900), 184 Ill. 546, 56 N.E. 864; *Fuchs v. Peterson* (1925), 315 Ill. 370, 146 N.E. 556.

In *Dikeman v. Sunday Creek Coal Co.*, the court stated that, notwithstanding the equitable rule that time is not necessarily the essence of a contract,

> "[p]arties have a right *** to make their own contracts, and if they intend that time shall be of the essence of the contract, either by the express form of their agreement or because the subject matter makes it so, a court of equity will treat it as of the essence and hold the parties to their agreement." (184 Ill. 546, 550-51, 56 N.E. 864, 865.)

In *Dikeman*, as in the instant case, the right to renew was "a privilege given to the lessee without any corresponding right or privilege of the lessor, and the only stipulation was that the right should be exercised at a certain time." (184 Ill. 546, 551, 56 N.E. 864, 865.) The court held, therefore, that the parties intended notice to be given by the time stipulated as a condition of renewal of the lease and that the lease expired by its own terms because it was not renewed at the fixed time.

■ Similarly, in the instant case, where the record reveals no circumstances which would invoke the court's equity powers (*cf. Linn Corp. v. LaSalle National Bank* (1981), 98 Ill. App. 3d 480, 424 N.E.2d 676 (strict compliance with notice requirement excused in view of equities of the situation)), the defendant lost his right to renew his lease when he failed to provide written notice to the plaintiff in the time specified in the lease agreement. There was no allegation by the defendant that this failure was due to anything other than his own negligence, and while he stated that he "believed" the plaintiff would provide him with a written document to sign, he did not indicate that this belief was based on any representation by the plaintiff which would constitute a waiver of the written notice requirement (see *Fuchs v. Peterson*). Thus, in the absence of any issue of material fact, the trial court correctly found for the plaintiff as a matter of law, and we affirm its grant of summary judgment.

Affirmed.

HARRISON, P.J., concurs.

JUSTICE KARNS, concurring:

I concur in the decision of the court only because the rule in Illinois is well established that an option to renew a lease must be exercised in accordance with the precise agreement of the lessor and lessee. I believe the rule to be an unreasonable one where the lease in

question requires six months written notice prior to the expiration of the primary term, as here, and when it is contended that the lessee gave oral notice of renewal prior to the six-month period.

It seems to me that reasonable notice under the circumstances of each case would be a more equitable rule and that under the facts alleged here, a factual question of the reasonableness of the notice given by the lessee is presented. I would hope that the supreme court would review the apparent rule of strict compliance stated in cases such as *Dikeman v. Sunday Creek Coal Co.* (1900), 184 Ill. 546, 56 N.E. 863.