FRICHTL WELDING, INC., Plaintiff-Appellee, v. CORL INDUSTRIES, INC., Defendant-Appellant.

Fifth District   No. 5—85—0606

Opinion filed May 14, 1986.

LeFevre, Zeman, Oldfield & Schwarm Law Group, Ltd., of Vandalia, for appellant.

Robert L. Douglas and Fred W. Johnson, both of Law Offices of Robert L. Douglas, Ltd., of Robinson, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Defendant, Corl Industries, Inc., appeals from the entry of a summary judgment in plaintiff's, Frichtl Welding, Inc.'s, favor.

Plaintiff and defendant entered into an agreement whereby plaintiff leased a mandrel, which is a piece of manufacturing equipment designed to produce fiberglass tanks for use in the oil and gas industry, to defendant who agreed to pay plaintiff royalties for each tank manufactured. The agreement contained an option for renewal. Plaintiff filed a complaint seeking replevin of the mandrel on the ground that defendant did not give timely written notice of its intent to renew the lease. Defendant asserted the affirmative defenses of waiver and estoppel. Plaintiff filed a motion for summary judgment which was granted, and defendant was ordered to return possession of the mandrel to plaintiff.

The sole issue on appeal is whether the trial court erred in granting plaintiff's motion for summary judgment. Upon review of a trial court's entry of summary judgment, the reviewing court's sole function is to determine whether the trial court correctly determined that there were no genuine issues of material fact, and, if there were none, whether judgment for the moving party was correctly entered as a matter of law. (*Bain v. Benefit Trust Life Insurance Co.* (1984), 123 Ill. App. 3d 1025, 1030, 463 N.E.2d 1082, 1085.) On appeal, defendant contends that the trial court erred in finding that as a matter of law an option to renew a lease must be exercised in strict compliance with the notice requirements specified in the contract.

The pertinent parts of the lease agreement are as follows:

"3. As compensation to Frichtl Welding for the uses by Corl Industries of the mandrel, Corl Industries agrees to pay to Frichtl Welding ten percent (10%) of the list price of the fiberglass tanks manufactured through the use of the said mandrel until such time as a total of Thirty Thousand Dollars and No Cents ($30,000.00) has become due to Frichtl Welding. As compensation for the use of the mandrel by Corl Industries (In the

event Corl Industries elects to renew this Agreement as provided herein, after a total of Thirty Thousand Dollars and No Cents ($30,000.00) has become due to Frichtl Welding, Corl Industries agreed to pay to Frichtl Welding two percent (2%) of the list price of the fiberglass tanks manufactured through the use of said mandrel after the said total of Thirty Thousand Dollars and No Cents ($30,000.00) has become due to Frichtl Welding. *As each fiberglass tank is manufactured the compensation applicable to that tank shall become due* from Corl Industries to Frichtl Welding and all compensation shall be paid on or before the tenth (10th) day of the month following the month in which the compensation becomes due.

4. \*\*\* The primary term of this Agreement shall be from this date through the date that a total of Thirty Thousand Dollars and No Cents ($30,000.00) has become due to Frichtl Welding under this Agreement. *If Corl Industries notifies Frichtl Welding in writing within ten (10) days after a total of Thirty Thousand Dollars and No Cents ($30,000.00) has become due Frichtl Welding that it elects to renew this Agreement for the manufacture of an additional six hundred (600) fiberglass tanks under the payment terms specified in this Agreement, this Agreement shall proceed into its secondary term.* Otherwise this Agreement shall terminate at the end of that ten (10) day period." (Emphasis added.)

■ The $30,000 balance became due under the contract on December 23, 1984, when tank number 203 was produced. On January 10, 1985, defendant mailed plaintiff a check in the amount of $650.78. Notations on the check stub indicate that the check was tendered at both the rate of 10%, applicable under the primary term of the lease, and 2%, applicable under the secondary term. Plaintiff, aware of the fact that the check was tendered at both rates, endorsed and deposited the check. Defendant argues that whether or not the notice requirements should have been excused in view of the equities of the situation is a genuine issue of material fact precluding the entry of summary judgment.

We believe that our decision in *La Salle National Bank v. Graham* (1983), 119 Ill. App. 3d 85, 456 N.E.2d 323, is dispositive of the issue at hand. In *La Salle*, defendant contended that summary judgment was improper where a material issue of fact existed as to whether defendant had exercised his option to renew a lease by giving proper written notice to plaintiff. (119 Ill. App. 3d 85, 86, 456 N.E.2d 323, 324.) The lease agreement provided that defendant give written

notice to plaintiff six months prior to expiration. Although defendant alleged that he orally notified plaintiff prior to the expiration date, he admitted that he did not give written notice until one month after the expiration date. (119 Ill. App. 3d 85, 86, 456 N.E.2d 323, 324.) In upholding the entry of summary judgment, this court reaffirmed the principle that "[w]here the only condition of such a right to renew is that it be exercised within the time specified by the parties, a court will strictly construe the time requirement and enforce the agreement of the parties." 119 Ill. App. 3d 85, 86, 456 N.E.2d 323, 324, citing *Dikeman v. Sunday Creek Coal Co.* (1900), 184 Ill. 546, 56 N.E. 864.

In the instant case, defendant did not give plaintiff written notice of its intent to renew the lease in accordance with the agreement. The record reveals no circumstances which would invoke this court's equity powers (*cf. Linn Corp. v. La Salle National Bank* (1981), 98 Ill. App. 3d 480, 424 N.E.2d 676), nor do we believe that defendant's contentions with regard to waiver and estoppel present issues of material fact. Thus, in the absence of any issue of material fact, the trial court correctly found for the plaintiff as a matter of law, and we affirm its grant of summary judgment.

Affirmed.

JONES and HARRISON, JJ., concur.