William H. SMITH, Jr., et al.

v.

Harold COHEN et al.

No. 95–499–Appeal.

Supreme Court of Rhode Island.

Nov. 20, 1996.

Jeremiah C. Lynch, III, Newport, for Plaintiff.

Marty C. Marran, Cranston, for Defendant.

## OPINION

PER CURIAM.

This case came before a hearing panel of this court for oral argument October 15, 1996, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the

arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by the appeal should be decided at this time.

The plaintiff, William H. Smith, Jr., has appealed from a judgment entered in the Superior Court in favor of defendant Martin Siravo (Siravo), who was a guarantor of the tenant's rental obligation in a lease agreement that had been entered into between William H. Smith, Jr., and the tenant, Harold Cohen (who is now deceased). The original lease agreement covered a period of two years beginning April 1, 1988, and ending March 31, 1990, at a monthly rental of $1,600. By its terms the lease agreement gave the tenant two successive options to renew, each for an additional term of three years. The lease further required the tenant to give written notice to exercise this option no later than six months prior to the expiration of the original term of the lease or renewal period thereof.

It is undisputed that Cohen purported to exercise the renewal option on or about March 28, 1990, three days before the expiration of the original term. In purporting to exercise this option, the tenant requested that Siravo be released as guarantor. On March 31, 1990, defendant Siravo informed plaintiff that he would not guarantee any obligation of Cohen subsequent to March 31, 1990. The plaintiff informed both Cohen and Siravo that he would not release Siravo as guarantor unless another satisfactory substitute could be found. Cohen continued to occupy the premises and paid an increased monthly rental of $1,790 from April 1990 until he vacated the premises in October of 1990. The plaintiff rented the premises to another party at a reduced rate in April of 1991 and seeks to recover from the guarantor the amount of lost rent as a result of Cohen's default.

The trial justice entered summary judgment for defendant on the ground that Cohen's failure to abide by the option provisions of the lease terminated the guarantor's responsibility. With this holding we are in agreement. It is a general rule that a guarantor is released from responsibility under a lease in the event that the option to renew is not exercised in accordance with the lease requirements. *Westcor Co. Ltd. Partnership v. Pickering,* 164 Ariz. 521, 794 P.2d 154, 157–58 (Ct.App.1990). In that case the court held in similar circumstances that when an option to renew is not exercised within the period required by the lease but nevertheless the tenant holds over after the expiration of the period of the lease, a month-to-month tenancy replaces the prior lease. The court further held that the guarantor has no obligation under the new agreement. *See also Ucci v. Mancini,* 115 R.I. 182, 187–88, 344 A.2d 367, 370 (1975) (option to purchase may not be exercised after lease has terminated).

For the reasons stated, the plaintiff's appeal is denied and dismissed. The summary judgment entered in the Superior Court is hereby affirmed. The papers in the case may be remanded to the Superior Court.

MURRAY and FLANDERS, JJ., did not participate.