T.C.T. BUILDING PARTNERSHIP, Plaintiff-Appellant, v. TANDY CORPO-
RATION, Defendant-Appellee.

First District (4th Division)   No. 1—00—1749

Opinion filed May 31, 2001.—Rehearing denied June 26, 2001.

Fischel & Kahn, Ltd., of Chicago (Dan Brusslan and David P. von Ebers, of counsel), for appellant.

Johnson & Bell, Ltd., of Chicago (Michael P. Siavelis and Kelly N. Warnick, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, T.C.T. Building Partnership, appeals from a judgment entered in favor of the defendant, Tandy Corporation, in this action to enforce a lease guaranty. For the reasons that follow, we reverse the judgment of the circuit court and remand this cause for further proceedings.

The relevant facts are not in dispute. DuBose Corporation (DuBose) leased a parcel of commercial real estate to Color Tile of Illinois, Inc. (Color Tile). The lease was for an original term of 20 years commencing on March 5, 1975, and terminating on March 4, 1995, and granted Color Tile an option to extend the lease for four additional terms of five years each. The lease provided, however, that to exercise the option Color Tile was required to give DuBose written notice of its intent to renew the lease "at least six (6) months prior to the expiration of the original term *** or six (6) months prior to the expiration of the term of any renewal or extension." The defendant executed a guaranty of Color Tile's obligations under the lease. Under the terms of the guaranty, the defendant agreed, in part, to:

> "absolutely and unconditionally guarantee[ ] to Lessor, its successors and assigns, the prompt and punctual payment of all rents and all other sums to be paid by the Lessee under said lease during the full term thereof, and during the period of any extension or re-

newal thereof, and the full, complete and faithful performance by Lessee of all of the provisions, covenants, agreements, conditions and stipulations in said Lease contained, to be kept, observed and performed by the Lessee during the full term of said Lease and during the period of any extension or renewal thereof ***.''

On March 10, 1975, the plaintiff purchased the property that was the subject of the lease and became the successor to DuBose's interest in both the lease and the defendant's guaranty.

On September 6, 1994, Color Tile gave the plaintiff written notice of its intent to renew the lease for an additional five-year term. The parties agree that this notice was not given, as required by the lease, at least six months prior to the March 4, 1995, termination of the original lease term. In order to strictly comply with the notice provision, Color Tile would have to have given notice on or before September 4, 1994. The plaintiff, nonetheless, accepted the notice and extended the term of the lease from March 5, 1995, to March 4, 2000.

In January of 1996, Color Tile filed for protection under chapter 11 of the United States Bankruptcy Code (11 U.S.C. § 1101 *et seq.* (1996)). Color Tile remained in possession of the subject property and continued to make rental payments through August of 1997. However, subsequent to January 1996, Color Tile failed to pay the general real estate taxes levied against the property as required by the terms of the lease, resulting in a tax sale on January 14, 1997. Additionally, Color Tile failed to maintain liability and fire insurance as required by the lease, and as a consequence, the plaintiff was forced to purchase the insurance.

On June 25, 1997, and again on July 10, 1997, the plaintiff made written demand upon the defendant to honor its obligations under the guaranty. The defendant declined and, on September 23, 1997, the plaintiff filed the instant action.

In count I of its complaint, the plaintiff sought a declaration that the defendant's guaranty remains in full force and effect and that the defendant is liable for all sums due and owing from Color Tile under the terms of the lease. In count II, the plaintiff sought a $50,000 judgment against the defendant for breach of its guaranty. The defendant answered the complaint, admitting that it refused to perform Color Tile's obligations under the lease but denying that it was obligated to do so.

The case proceeded to a bench trial. At the conclusion of the plaintiff's case in chief, the defendant moved for judgment in its favor. The defendant did not dispute that it agreed to guaranty the obligations of Color Tile during the original term of the lease and any extension thereof. It argued, however, that because Color Tile failed to

exercise its option to extend the lease on or before September 4, 1994, as required by the terms of the lease, it was released of any liability to the plaintiff for a default by Color Tile occurring after the original lease term expired on March 4, 1995. In response, the plaintiff argued that the deviation from the terms of the lease was so minor that it did not result in a release of the defendant's obligations under the guaranty. The plaintiff also argued that, under the terms of the guaranty, the defendant waived any defense it may have had based on the plaintiff's acceptance of Color Tile's tardy notice. The guaranty language upon which the plaintiff relied in support of this assertion is as follows:

> "The undersigned, TANDY CORPORATION, *** hereby agree[s] that no extensions of time granted to the Leessee [*sic*] for the payment of said rents or other sums, or for the performance of any of the obligations of the Lessee or forbearance or delay on the part of the Lessor to enforce any of the provisions, covenants, agreements, conditions and stipulations of said Lease, or waiver by Lease [*sic*] of any of said provisions, covenants, agreements, conditions and stipulations, shall operate to release or discharge the Guarantor from its full liability under this instrument of guaranty or prejudice the rights of Lessor hereunder."

The trial court granted the defendant's motion and entered judgment in its favor. In so doing, the court found both that Color Tile sent its notice to extend the lease term two days late and that the defendant never waived strict adherence to the notice provisions of the option to extend the lease term. The plaintiff now appeals.

This appeal presents two issues. First, whether, as a general rule, the guarantor of a lease is released from liability under a continuing guaranty when an option to extend the lease is not exercised in accordance with the requirements of the lease. Second, whether, by the terms of the guaranty involved in the instant case, the defendant waived any defense it may have had based upon the plaintiff having accepted Color Tile's tardy notice to extend the term of the lease.

●1 As a preliminary matter, the plaintiff is correct in its assertion that it had the right to waive strict compliance with the notice provisions relating to Color Tile's exercise of its option to extend the term of the lease. Although the option to extend the term of the lease was for the benefit of Color Tile, the written notice requirement was for the benefit of the landlord and could, therefore, be waived by the plaintiff. *Peterson v. United States Building Maintenance Co.*, 96 Ill. App. 2d 398, 401, 239 N.E.2d 322 (1968). We are not, however, faced with the question of the effect the plaintiff's waiver had on Color Tile's obligation to comply with the terms of the lease during the

extended term. Rather, we must determine the effect, if any, that Color Tile's failure to strictly comply with the notice provision and the plaintiff's waiver of strict compliance with that provision had on the defendant's liability under the guaranty.

•2 The defendant asserts that, when the guarantor of a lease has agreed to be liable during an extended or renewal term, it cannot, without its consent, be held liable for any of the lessee's obligations incurred during an extended term other than one secured strictly in accordance with the terms of the lease. Specifically, it argues that, when a lessor, without the consent of the guarantor, permits a lessee to exercise its option to extend the term of the lease without strictly complying with the notice provisions contained therein, the guarantor is released from all liability for the lessee's defaults during the extended term. Although the issue appears to be one of first impression in Illinois, the general proposition of law asserted by the defendant finds support in the decisions of the reviewing courts in other jurisdictions. See *Smith v. Cohen*, 685 A.2d 268 (R.I. 1996); *Westcor Co. Ltd. Partnership v. Pickering*, 164 Ariz. 521, 794 P.2d 154 (1990); *LeCraw v. Atlanta Arts Alliance, Inc.*, 126 Ga. App. 656, 191 S.E.2d 572 (1972); see also 49 Am. Jur. 2d *Landlord and Tenant* § 818 (1995). We find that adoption of such a rule best reflects our prior holdings that guaranty contracts are to be strictly construed in favor of the guarantor (*Cohen v. Continental Illinois National Bank & Trust Co.*, 248 Ill. App. 3d 188, 192, 618 N.E.2d 1060 (1993)) and that the liability of a guarantor should not be extended beyond the precise terms of its undertaking (*Lincoln Park Federal Savings & Loan Ass'n v. Carrane*, 192 Ill. App. 3d 188, 191, 548 N.E.2d 636 (1989)). We also believe that such a rule represents a much sounder view than any contrary position.

Our analysis, however, cannot end with the announcement of the general rule that the guarantor of a lease, absent its consent, cannot be held liable for the obligations of the lessee incurred during any extended term other than one secured in accordance with the terms of the lease. The plaintiff contends that the defendant did give its consent to be held liable for obligations incurred by Color Tile during an extension of the lease even if the extension was not secured in accordance with the terms of the lease. The defendant contests the plaintiff's interpretation of the guaranty. We are, therefore, presented with a question of contract interpretation.

•3 A guaranty is a contract and should be interpreted according to the standards that govern the interpretation of contracts in general. *Blackhawk Hotel Associates v. Kaufman*, 85 Ill. 2d 59, 64, 421 N.E.2d 166 (1981). The defendant correctly points out that a guaranty is to be

strictly construed in favor of the guarantor such that the guarantor is accorded the benefit of any doubt that arises from the contract language. *Cohen*, 248 Ill. App. 3d at 192. The guarantor is entitled to such benefit, however, only where some doubt arises as to the meaning of the guaranty language. *Bank of America National Trust & Savings Ass'n v. Schulson*, 305 Ill. App. 3d 941, 946, 714 N.E.2d 20 (1999). Where the terms of a guaranty contract are clear and unambiguous, they must be given effect as written (*Barrett v. Shanks*, 382 Ill. 434, 442-43, 47 N.E.2d 481 (1943)), and under such circumstances, the meaning of a guaranty is a question of law (*Cohen*, 248 Ill. App. 3d at 192).

The guaranty language upon which the plaintiff relies in this case, quoted above, provides that the defendant's liability shall not be discharged by: (1) any extension of time granted to Color Tile for the payment of rent or other sums or for the performance of any of its obligations under the lease; (2) forbearance or delay on the part of the lessor to enforce any of the provisions, covenants, agreements, conditions, or stipulations of the lease; or (3) a waiver by the lessor of any of the provisions, covenants, agreements, conditions, or stipulations of the lease.

●4 An option to extend the term of a lease is not an obligation; rather, it is a privilege belonging to the lessee, without any corresponding right or privilege of the lessor. *Dikeman v. Sunday Creek Coal Co.*, 184 Ill. 546, 551, 56 N.E. 864 (1900); *Ceres Terminals, Inc. v. Chicago City Bank & Trust Co.*, 117 Ill. App. 3d 399, 405, 453 N.E.2d 735 (1983). The notice required to exercise such an option is not an obligation to be performed by a lessee, nor is it a provision, covenant, agreement, condition, or stipulation subject to enforcement by the lessor. Consequently, that portion of the defendant's guaranty wherein it agreed that no extension of time granted to Color Tile for the performance of any of its obligations under the lease or the lessor's forbearance or delay to enforce any of the provisions, covenants, agreements, conditions, and stipulations of the lease would operate to release or discharge it from liability under the guaranty is not applicable here.

●5 We must next consider whether the plaintiff's acceptance of the tardy notice constituted a waiver of any of the provisions, covenants, agreements, conditions, or stipulations of the lease. A condition precedent is one that must be performed either before a contract becomes effective or one that must be performed by one party to an existing contract before the other party becomes obligated to perform. *Cencula v. Keller*, 180 Ill. App. 3d 645, 655, 536 N.E.2d 93 (1989). In this case, the lease provision that required Color Tile to give written notice of its intent to extend the lease term at least six months prior to the

expiration of the original term was a condition precedent to the lessor's obligation to extend the term. As a condition precedent, the provision was subject to the rule of strict compliance. *MXL Industries, Inc. v. Mulder*, 252 Ill. App. 3d 18, 25, 623 N.E.2d 369 (1993). However, as noted earlier, this notice requirement was for the benefit of the lessor and could be waived by the plaintiff. *Peterson*, 96 Ill. App. 2d at 401.

•6 A guarantor can agree to be bound by its guaranty notwithstanding conduct that might otherwise discharge it from liability. See *Barrett*, 382 Ill. at 441-43; *Ishak v. Elgin National Bank*, 48 Ill. App. 3d 614, 617, 363 N.E.2d 159 (1977); *In re Application of Bickel*, 14 Ill. App. 3d 813, 814-15, 303 N.E.2d 541 (1973); *Southeastern Hose, Inc. v. Prudential Insurance Co. of America*, 167 Ga. App. 356, 306 S.E.2d 308 (1983). That is precisely what the defendant in this case did. The defendant agreed that the lessor's waiver of any of the conditions of the lease would not operate to release or discharge it from liability under the guaranty. The notice provision was a condition of the lease. The defendant argues that strict compliance with the notice provision for extending the lease term was not waived because the notice provision is not specifically mentioned. We disagree. The fact that this provision of the guaranty does not specifically refer to the lessor's waiver of Color Tile's strict compliance with the lease terms relating to notice of its intent to exercise the option to extend the term of the lease is of no moment. We know of no rule which requires that a waiver-of-defense provision in a guaranty specifically itemize each defense that is waived. We believe that the defendant clearly and unambiguously agreed to be bound by its guaranty, notwithstanding the fact that the lessor waived a condition of the lease.

For the reasons stated, we find that the trial court erred in entering judgment in favor of the defendant at the close of the plaintiff's case in chief. We, therefore, reverse the judgment entered in favor of the defendant and remand the cause to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.

SOUTH and BARTH, JJ., concur.